## Braddee *against* The Commonwealth.

A defendant acquitted of an act, charged to have been committed feloniously, cannot be subjected to the payment of the costs. The form of the charge, and not the possibility of guilt, determines the power of the jury.

ERROR to the quarter sessions of *Fayette* county.

The following bill of indictment was found against John F. Braddee:

" The grand inquest that now is for the body of the county of Fayette, upon their oaths and solemn affirmations respectively do present: That John F. Braddee, late of Fayette county aforesaid, yeoman, on the thirtieth day of May, in the year of our Lord one thousand eight hundred and thirty-six, at the county of Fayette aforesaid, feloniously and falsely did make, forge and counterfeit a false, forged and counterfeited paper writing, partly written and partly printed, purporting to be a true and genuine promissory note for the payment of money, called a bank note of the Bank of Utica, and purporting to be signed by H. Huntington, president, and also by Ellelent, cashier of the said bank; the tenor of which said false, forged and counterfeited writing, partly written and partly printed, purporting to be a true and genuine promissory note for the payment of money, called a bank note of the Bank of Utica, is as follows: that is to say—

```
            50$        Renewed Charter.      50
                                         No. 365.
        The President, Directors & Co.
 of the Bank of Utica promise to pay D. W. Clinton,
 or bearer, on demand, Fifty Dollars.
        Utica, the 4        of Jan'y 1830.
                       L
   Ellelent, Cash'r.           H. Huntington, Pres.
           Fairman, Draper, Underwood & Co.
```

(Margin, left: Unlt. Willes. — New Emission. — FIFTY)
(Margin, right: Payable at our office in Canandaigua. — DOLLARS.)

with intent to defraud the President, Directors & Co. of said Bank of Utica, to the evil example of others, in like case offending against the form of the act of assembly in such case made and provided, and against the peace and dignity of the commonwealth of Penn-

[Braddee v. The Commonwealth.]

sylvania.   And the jurors aforesaid, upon their oaths and solemn affirmations aforesaid, respectively do further present: That the said John F. Braddee, on the same day and year aforesaid, with force and arms having in his custody and possession a certain other false, forged and counterfeited paper writing, partly written and partly printed, purporting to be a true and genuine promissory note for the payment of money called a bank note of the Bank of Utica, and purporting to be signed by H. Huntington, president, and also by Ellelent, cashier of the said bank, the tenor of which last mentioned false, forged and counterfeited paper writing, partly written and partly printed, purporting to be a true and genuine promissory note for the payment of money called a bank note of the Bank of Utica, is as follows: that is to say—

|  |  |
|---|---|
| **FIFTY** *New Emission.* UNIT. WILLES, Cash'r B. B. | 50$    Renewed Charter.    50 No. 365. The President, Directors & Co. of the Bank of Utica promise to pay D. W. Clinton, or bearer, on demand, Fifty Dollars. *Ellelent*, Cash'r.    H. HUNTINGTON, Pres. L Utica, the 4 _ of Jan'y 1830. Fairman, Draper, Underwood & Co. | Payable at our office in Canandaigua. **DOLLARS.** |

feloniously, falsely, illegally, fraudulently and deceitfully did alter and publish as a true and genuine promissory note for the payment of money called a bank note of the Bank of Utica, the said last mentioned false, forged and counterfeited paper writing, partly written and partly printed, purporting to be a true and genuine promissory note for the payment of money called a bank note of the bank of Utica, he, the said John F. Braddee, at the time of uttering and publishing the same then and there, well knowing the same to be false, forged and counterfeited, with intent to defraud George W. Miller, to the evil example of others in like case offending, and against the act of assembly in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania.

" And the jurors aforesaid, upon their oaths and solemn affirmations, respectively do further present: That the said John F. Braddee, on the same day and year aforesaid, at the county aforesaid, with force and arms having in his custody and possession a certain other false, forged and counterfeited paper writing, partly written and partly printed, purporting to be a true and genuine promissory note for the payment of money called a bank note of the Bank of Utica, and purporting to be signed by H. Huntington, president, and also by Ellelent, cashier of said bank, the tenor of which last mentioned false, forged and counterfeited paper writing, partly written and partly printed, purporting to be a true and genuine promissory note for the payment of money called a bank note of the Bank of Utica, is as follows: that is to say—

[Braddee v. The Commonwealth.]

FIFTY *New Emission.* UNLT. WILLES.

50$ Renewed Charter. 50
No. 365.
The President, Directors & Co. of the Bank of Utica promise to pay D. W. Clinton, or bearer, on demand, Fifty Dollars. Utica, the 4 of Jan'y 1830.
*Ellelent,* Cash'r. H. HUNTINGTON, Pres.
Fairman, Draper, Underwood & Co.

Payable at our office in Canandaigua. DOLLARS.

feloniously, falsely, illegally, knowingly, fraudulently and deceitfully did pass as a true and genuine promissory note for the payment of money called a bank note of the Bank of Utica, the said last mentioned false, forged and counterfeited paper writing, partly written and partly printed, purporting to be a true and genuine promissory note for the payment of money called a bank note of the Bank of Utica, he, the said John F. Braddee, at the time of passing the same then and there, well knowing the same to be false, forged and counterfeited, with intent to defraud George W. Miller, to the evil example of others, in like case offending against the act of assembly in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania.

" And the jurors aforesaid, upon their oaths and solemn affirmations aforesaid respectively do further present: That the said John F. Braddee, on the same day and year aforesaid, at the county of Fayette aforesaid, with force and arms having in his custody and possession a certain other false, forged, altered and counterfeited paper writing, partly written and partly printed, purporting to be a true and genuine promissory note for the payment of money called a bank note of the Bank of Utica, and purporting to be signed by H. Huntington, president, and also by Ellelent, cashier of the said bank, the tenor of which last mentioned false, forged, altered and counterfeited paper writing, partly written and partly printed, purporting to be a true and genuine promissory note for the payment of money called a bank note of the Bank of Utica, is as follows: that is to say—

FIFTY *New Emission.* UNLT. WILLES, Cash'r B. B.

50 Renewed Charter. 50
The President, Directors & Co. of the Bank of Utica promise to pay D. W. Clinton, or bearer, on demand, Fifty Dollars. Utica, the 4 of Jan'y 1830.
*Ellelent,* Cash'r. H. HUNTINGTON, Pres.
Fairman, Draper, Underwood & Co.

Payable at our office in Canandaigua. DOLLARS.

feloniously, falsely, illegally, knowingly and deceitfully did pass, dispose of and put away as a true and genuine promissory note for the payment of money called a bank note of the Bank of Utica, the said last mentioned false, forged, altered and counterfeited paper writing, partly written and partly printed, purporting to be a true and genuine bank note of the Bank of Utica, he, the said John F.

[Braddee v. The Commonwealth.]

Braddee, at the time of passing, disposing of and putting away the same then and there, well knowing the same to be false, forged, altered and counterfeited, with intent to defraud George W. Miller, to the evil example of others in like case offending against the form of the act of assembly in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania."

JAMES TODD, Attorney General.

The jury found the defendant "not guilty, defendant to pay the costs:" and the court, upon argument, sentenced the defendant to pay the costs: which was assigned for error.

*Austin* and *Forward*, for plaintiff in error, cited 5 *Johns. Rep.* 320; *Leach C. L.* 337.

*Ewing*, contra.

PER CURIAM.—The form of the charge, and not the possibility of guilt, determines the power of the jury. Would not a prosecutor be liable to costs for indicting an indifferent or praiseworthy act as a misdemeanor? It is for the very reason that the defendant cannot be found guilty, though morally culpable, that he too is liable to the same sort of castigation when indicted for what is charged as a misdemeanor; and it follows as a corollary that he may not be so castigated when he cannot be found guilty of what is charged as a felony, because the accusation is specifically different from a misdemeanor, though erroneously denominated. Could the jury impose costs for it on the prosecutor? Felonies were excepted from their power to prevent it from being too great a check to prosecution of the graver offences in which the public have a substantial interest; and it would certainly be, not only a severe, but an impolitic construction which should subject him to costs for having mistaken the nature of an offence which he might have declined to prosecute at the risk of costs. There are many felonies of doubtful character, in respect to which he might not feel himself secure: and the case of an acquitted defendant is entitled to equal consideration, inasmuch as the jury might otherwise subject him to the odious principle of the common law, which discriminated not, in this respect, betwixt the innocent and the guilty. He was charged with having done the act feloniously, and was, therefore, not in the power of the jury.

Judgment reversed.