## County of Wayne *versus* The Commonwealth.

In a prosecution for a felony, in which a count for a misdemeanour is joined, the jury acquitting the defendant have no power to impose payment of the costs upon him.

In such case the county is liable for the costs of prosecution, notwithstanding such finding and a sentence of the court that the defendant pay them.

The county is no party to such sentence, and cannot avoid her legal liability by interposing it as a defence to the payment of costs.

ERROR to the Common Pleas of *Wayne county*.

This was an amicable action at the suit of The Commonwealth against The County of Wayne, in which the following facts were agreed upon, as a case stated for the opinion of the court, each party reserving the right to sue out a writ of error.

At the September sessions, 1850, an indictment was found against one Benjamin Lane, containing three counts; one for rape, one for an assault with intent to commit a rape, and one for an assault. On this indictment he was tried and acquitted, and costs imposed on him by the jury, and he was accordingly so sentenced by the court and committed to jail; he remained in jail for three months when he was released by giving an insolvent bond, with surety, but he never obtained his final discharge; whether, under this state of facts, the county is liable for costs. If the court find the county is liable, then judgment to be entered against them for $64.41, and if the court are of opinion that the county is not liable, then judgment to be entered against the Commonwealth.

The material part of the opinion of the court below (J. M. POR-TER, P. J.) was as follows:—

"Here the indictment for the principal offence was for a felony, and the jury could not therefore move judgment when they acquitted, and put the costs on the defendant, although the remaining counts only charged misdemeanours. The whole were tried together, and the same verdict that acquitted him of the misdemeanours acquitted him of the felony also.

"How are the costs then in cases of acquittal for felony to be paid? The Act of 20th March, 1797, § 1, *Brightly's Dig.* 426, pl. 11, provides, 'All costs accruing on all bills of indictment found by the grand jury of the city or any county in this commonwealth, charging a party with any felony, breach of the peace, or other indictable offence, shall, if such party be acquitted by the petit jury, on the traverse of the same, be paid out of the county stock, by the city or county in which the prosecution commenced.'

[The County of Wayne v. The Commonwealth.]

" By the Act of 23d September, 1791, § 14, *Brightly* 643, pl. 14, it is provided, ' Where any person shall be brought before a court, justice of the peace, or other magistrate of any city or county of this commonwealth, having jurisdiction in the case, on the charge of being a runaway servant or slave, or of having committed a crime, and such charge, upon examination, shall appear to be unfounded, no costs shall be paid by such innocent person, but the same shall be charged to and paid out of the county stock of such city or county.'

" The Act of 28th March, 1814, § 13, *Brightly* 426, pl. 8, provides, ' In case of conviction in any Court of Oyer and Terminer, Quarter Sessions, or Mayor's Court, all costs shall be paid by the party convicted, but when such party shall have been discharged according to law, without payment of costs, the same shall be paid by the county. In cases of surety of the peace, the costs shall be paid by the defendant, the prosecutor, or the county, as the court may direct. *In all other cases*, all costs shall be paid according to the laws heretofore enacted and in force.'

" The present case does not come within the provisions of the Act of 1814, because he was not *convicted*. See 4 *Ser. & R.* 451. And this is the plain reading of the law.

" Under the acts of 1791 and 1797 above quoted, the county would be liable to pay the costs in this case. Does the Act of 1804 so change the law as to take away such liability. That act of 1804 only authorizes the petit jury, on acquittal, to impose the costs on the defendant or prosecutor, where the offence with which he is charged is below the grade of felony.

" As here, the first count in the indictment charges a felony, of which the defendant was acquitted, we think the case is not within the Act of 1804, and that the county is liable to pay the costs, and we enter judgment on the case stated for the plaintiff."

*Wm. H. Dimick*, for plaintiff in error.

*Geo. G. Waller*, for defendant in error.

The opinion of the court was delivered by

LEWIS, C. J.—If the jury in the criminal case had merely directed the defendant to pay the costs, accrued on the counts charging him with misdemeanours, a different question would have been presented from that now before us. But as the verdict now stands, the defendant was acquitted of a high felony and yet ordered to pay the costs. Neither courts nor juries have any power to impose costs on defendants in such cases. The learned president of the Common Pleas has shown in a satisfactory manner, that the county is properly chargeable with the costs. She cannot escape that liability by pleading such a sentence of the

defendant as that stated in this case, because she was no party to it. She is neither bound nor benefited by it. The defendant can relieve himself from it by writ of error, whenever he thinks proper.

Judgment affirmed.