# Commonwealth *v.* Harrison.

*Criminal law—Costs—Larceny—Act of May* 25, 1897, *P. L.* 89.

The Act of May 25, 1897, P. L. 89, relating to the imposition of costs in criminal cases, applies only to prosecutions for larceny. If an indictment contains counts charging offenses other than larceny, the jury has no power to impose the payment of costs in case of an acquittal either upon the defendant or the prosecutor.

Argued March 6, 1908. Appeal, No. ——, Jan. T., 1908, by M. F. Spellman, from order of Q. S. Columbia Co., Dec. T., 1906, No. 28, entering judgment on verdict in case of Commonwealth v. Bessie Harrison. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Indictment for larceny and for receiving stolen goods. Before EVANS, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment on the verdict.

*H. M. Hincklet*, with him *D. R. Reese*, for appellant.—Where the prosecution is not trifling but one of grave character, where it is not unfounded but founded upon probable cause, and where there is no evidence of malice in the prosecution, it is the duty of the court to set aside the verdict against the prosecutor for the costs: Guffy v. Commonwealth, 2 Grant's Cases, 66; Wadlinger on Costs, secs. 192, 193; Com. v. Doyle, 16 Pa. Superior Ct. 171; Com. v. Yeager, 3 Pa. Dist. Rep. 237; Wayne County v. Com., 26 Pa. 154; Braddee v. Com., 6 Watts, 530.

*Christian A. Small*, district attorney, for appellee.—Having returned a verdict of acquittal as to the defendant in this case, and placed the costs on the prosecutor, it must be presumed that the jury found the facts which the law devolved upon them in order to make such a return: Hughes v. Stevens, 36 Pa. 320; Campbell v. Finney, 3, Watts, 84.

OPINION BY ORLADY, J., February 26, 1909:

The information in this case charged that "Bessie Harrison did break in a trunk at the baggage room of the D., L. &. W. R. R. at Berwick, Columbia Co., belonging to Mrs. Martha Conover, and did feloniously steal and carry away certain itemized articles of clothing of the value of fifty-four dollars." It is made by the appellant, who designates himself as special officer for D., L. & W. R. R. Co.

The first count in the indictment is larceny, and the second receiving stolen goods. On the trial the commonwealth failed to show that the defendant had ever been in Columbia county, or that the goods had either been stolen or received there by her, and the court properly directed that there could be no conviction. But a part of the goods were exhibited in evidence, and in regard to which the trial judge said: "If you shall come to the conclusion, or reach the conclusion, that the goods which were offered in evidence, so far as the evidence shows, were worth less than $10.00, then you may dispose of the costs, but if you find they were worth more than $10.00, then you have nothing to do about the costs. If you should reach the conclusion that they are worth less than $10.00, then dispose of the costs, but your verdict must be based upon the evidence." The

verdict was not guilty as to the defendant, and that the prosecutor, M. F. Spellman, pay the costs.

After a hearing on a rule to set aside the verdict as to the costs, the court was of the opinion that that phase of the case had been properly disposed of, and judgment was entered on the verdict, from which the prosecutor took this appeal. So far as the evidence shows, the charge was unfounded in Columbia county when it was called for trial, there being no evidence to sustain it in that county, and the court and jury had the right to consider all the facts of the case in determining whether as to that pending prosecution, it was trifling: Commonwealth v. Doyle, 16 Pa. Superior Ct. 171; Commonwealth v. Kocher, 23 Pa. Superior Ct. 65.

The rule formerly in force in regard to imposing costs on the prosecutor in cases of the grade of felony was radically changed by the Act of May 25, 1897, P. L. 89. The first section of the act refers to prosecutions for larceny only, and to enlarge its provisions by making it apply to indictments containing other offenses, would be usurping the functions of the legislature. The provision, "in all cases of acquittal by the petit jury on indictments for larceny where the value of the goods alleged to have been stolen is less than $10.00, the jury trying the same shall determine by their verdict whether the county, or the prosecutor or the defendant shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportion, in the same manner as is now provided by law in the case of misdemeanors," did not extend the power of the petit jury so as to include cases where other counts were added to the one charging larceny. The present case is to be decided under the statutes in force prior to that act, the decisions being, that in a prosecution for a felony, in which a count for a misdemeanor is joined, the jury acquitting the defendant has no power to impose payment of costs upon him or the prosecutor: County of Wayne v. Commonwealth, 26 Pa. 154; Braddee v. Commonwealth, 6 Watts, 530; Commonwealth v. Kocher, 23 Pa. Superior Ct. 65.

The assignments of error are sustained and the judgment is reversed.