## Commonwealth v. Capin.

*Criminal law and procedure—Larceny—Grand jury—Imposition of costs upon prosecutor—Act of May 25, 1897.*

1. The Act of May 25, 1897, P. L. 89, which provides that upon a prosecution for larceny, where the indictment is returned *ignoramus*, the grand jury shall decide whether the county or the prosecutor shall pay the costs, does not extend the powers of the grand jury so as to include cases where other counts are added to one charging larceny.

2. Where an indictment, which charges larceny, larceny as bailee and receiving stolen goods, is returned by the grand jury "not a true bill and the prosecutor pay the costs," the court will make absolute a rule to show cause why the imposition of costs upon the prosecutor should not be set aside or stricken off.

Rule to show cause why imposition of costs on prosecutor should not be set aside. Q. S. Dauphin Co., June Sess., 1922, No. 59.

*Robert Stucker*, for rule.

*E. Le Roy Keen*, Assistant District Attorney, contra.

WICKERSHAM, J., Oct. 11, 1922.—The grand inquest of Dauphin County, on June 1, 1922, after hearing the evidence, presented "not a true bill, and the prosecutor pay the costs." The indictment contained three counts, namely, larceny, larceny as bailee, and receiving stolen goods. The grand jury, in imposing the costs upon the prosecutor, evidently proceeded under authority of the Act of May 25, 1897, P. L. 89, which provides that: "In all prosecutions for larceny, where the value of the goods and chattels alleged to have been stolen shall be less than $10, if the bill of indictment shall be returned *ignoramus*, the grand jury returning the same shall decide and certify on such bill whether the county or the prosecutor shall pay the costs of prosecution."

This act did not extend the powers of the grand jury so as to include cases where other counts were added to the one charging larceny. As we have stated, the indictment, in addition to charging the defendant with larceny, contained a count for receiving stolen goods, which offence is defined by section 109 of the Act of March 31, 1860, P. L. 410, to be a felony. The present case is, therefore, to be decided under the statute in force prior to that act, the decisions being that in a prosecution for a felony, in which a count for a misdemeanor is joined, the jury acquitting the defendant has no power to impose payment of costs upon him or the prosecutor: Wayne County *v.* Com., 26 Pa. 154; Braddee *v.* Com., 6 Watts, 530; Com. *v.* Kocher, 23 Pa. Superior Ct. 65; Com. *v.* Harrison, 38 Pa. Superior Ct. 17.

We think, therefore, that the rule granted by this court June 19, 1922, to show cause why the costs imposed upon the prosecutor by the grand inquest of Dauphin County should not be set aside or stricken off must be and it is hereby made absolute.

From William Jenkins Wilcox, Harrisburg, Pa.