## Commonwealth v. Williams

*George M. Hess,* for Commonwealth.

*Candor, Youngman & Gibson,* for defendant.

WILLIAMS, P. J., March 16, 1959.—Defendant was charged with willfully and feloniously soliciting one Frederick Douglas Fogelman, age 16, to commit sodomy, with committing sodomy upon said Fogelman and with corrupting the morals of said Fogelman. He was indicted on the said charges under three counts, the first two being felonies and the third one a mis-

demeanor. All three counts were tried together, and he was found not guilty on the felony counts and not guilty on the misdemeanor count. The jury, however, directed him to pay the costs on the misdemeanor count.

Defendant now prays this court to set aside that part of the verdict placing the costs upon defendant.

Defendant argues that, inasmuch as the same indictment charged two felonies and a misdemeanor, the jury could not direct defendant to pay the costs on the misdemeanor charge and asks that the costs be placed on the county.

At common law, the Crown neither paid nor received costs in criminal cases. The statute that controls the costs in the instant case is that of March 31, 1860, P. L. 427, sec. 62, 19 PS §1222, which provides that in all cases of acquittals, cases of felonies excepted, the jury trying the same shall determine by its verdict whether the county, or the prosecutor or defendant shall pay the costs.

We are of the opinion that defendant is liable for the costs in this case. Had the jury merely found defendant not guilty on all three counts and then directed him to pay the costs, he would not have been liable. It has been so ruled in a number of cases: County of Wayne v. Commonwealth, 26 Pa. 154; Commonwealth v. Harrison, 38 Pa. Superior Ct. 17; Commonwealth v. Donovan, 119 Pa. Superior Ct. 544.

The jury in the instant case, however, did not do as the jury did in the above cases. The jury in the instant case directed that defendant pay the costs only on count 3 of the indictment, which was the misdemeanor count.

The court in County of Wayne v. Commonwealth, supra, clearly indicated that it did not decide as to just what it would have done had the jury merely directed defendant to pay the costs on the misdemeanor charge.

In the instant case, had defendant been indicted and tried separately on all three counts, the same testimony would have been introduced against him in each of such supposed trials. The courts have wisely decided, however, that such procedure is not necessary in Pennsylvania even though at common law it was not possible to indict one for felony and misdemeanor in the same bill. Inasmuch as misdemeanors and felonies may in certain instances be included in the same indictment, we feel that such procedure does not take away from the jury the right to place the costs on defendant insofar as a misdemeanor count is concerned.

As to defendant's argument that the court should remit the costs on the misdemeanor count, we are of the opinion that this would be contrary to the jury's verdict and that the court would be faced with the same argument in any case in which a defendant was found not guilty but directed to pay the costs.

The total costs in this case were $76.95. The jury specifically limited its imposition of costs to count 3, the misdemeanor. We are of the opinion that where a defendant is acquitted on two counts and acquitted on a third count but directed to pay the costs on the third count, he is liable for the total costs. The transcript and other costs in this case were all necessary for the trial of defendant under the third count of the indictment. Defendant was charged with crime on one information, one warrant, one transcript. There was one set of costs on the transcript. This being so, we will place the entire costs on defendant. See Commonwealth v. Jaeger, 21 D. & C. 38.

### Order

And now, March 16, 1959, the court refuses to set aside the verdict of the jury and refuses to direct the county to pay the costs in the above-entitled case. The prayer of the petition is refused.