# Bleiler v. Muldoon.

*Coroners—Compensation—Public officers—Act of March 31, 1876, P. L. 13.*

As the coroner is not mentioned as one of the officers who are entitled to be paid " the full amount allowed to them," by section 16 of the Act of March 31, 1876, P. L. 13, without regard to the amount of fees collected or earned by them, it necessarily follows that he belongs to the class mentioned in the concluding clause of the section which provides that " all other officers shall be paid the amounts herein assigned them, only when the net receipts of their respective offices shall reach the amount herein respectively fixed for them."

In ascertaining " net receipts " within the meaning of the act of March 31, 1876, the amount of fees earned by the coroner and chargeable upon the county shall be added to the fees actually paid into the county treasury, and from this aggregate amount shall be deducted the amounts due his clerks and deputies. If there is no balance, the coroner is not entitled to a mandamus to compel the county controller to approve his claim for any amount.

Argued Dec. 7, 1900. Appeal, No. 177, Oct. T., 1900, by defendant, from order of C. P. Schuylkill Co., May T., 1900, No. 378, awarding peremptory mandamus in case of Charles A. Bleiler v. Henry J. Muldoon, controller of Schuylkill County. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D PORTER, JJ. Reversed.

Petition for mandamus.

The petition filed set forth that the plaintiff was duly elected coroner of the county of Schuylkill, in November, 1898, entered upon the duties of his office on January 1, 1899, and has been paid his salary to January 1, 1900, but has received no salary or compensation for the months of January, February and March, 1900. That by virtue of the Act of July 2, 1895, P. L. 424, his salary is fixed at the sum of $2,000 per annum, or $500 per quarter, and that he presented to the defendant his claim for salary for the months of January, February and March, with a request that the same be approved, so that he could procure from the county commissioners a warrant on the county treasurer for the payment of same, but that the defendant refused to approve of the same.

The petition further set forth that the Act of March 31, 1876, P. L. 13, known as the salary act, fixes without condition or qualification the salary of the petitioner, and that it is therefore mandatory upon the defendant to approve petitioner's claim, and in refusing so to do, he (the defendant), has disregarded his duty, and is therefore liable to a writ of mandamus. The defendant demurred and filed an answer to the petition setting forth that the petitioner and others, constituting a salary board, selected certain persons as deputy coroners at certain fixed salaries in the manner of the provisions of the act of assembly relating to same. That under the 16th section of the act of March 31, 1876, as amended by the Act of July 2, 1895, P. L. 424, the salary of the petitioner shall be paid from the amount paid into the treasury of Schuylkill county, after deducting and ascertaining the amount due his deputies and clerks, and if there is not a sufficient amount remaining, then the petitioner shall receive only such proportion of his salary as shall be equal to the aggregate of the net fees received and earned by him. That the defendant has examined and carefully audited the returns made by the petitioner, as coroner, and has found from said returns that the earnings of the coroner's officer for the months of January, February and March, 1900, are properly $10.85, and against this are to be charged the quarterly payments of the deputies, whose salaries as fixed by the salary board, amount to $236.25, and that said petitioner is not entitled to receive any salary for said months because there are no earn-

ings in his office over and above the amount required to be paid to his deputies, and therefore the respondent refuses to approve the claim of the petitioner.

The court in an opinion by MARR, P. J., awarded a peremptory mandamus.

*Error assigned* was the order of the court.

*D. W. Kaercher* and *John F. Whalen,* with them *S. H. Kaercher,* for appellant.—Before costs or expenses can be charged upon the public treasury, a statutory warrant therefor must be shown.

The coroner is not included among the officials mentioned in section 16.

The court will not review the discretion of the controller: Dechert v. Com., 113 Pa. 229; Com. v. Judges of Common Pleas, 3 Binn. 275; United States v. Lawrence, 3 Dall. 42; Com. v. Hultz, 6 Pa. 469; Runkle v. Com., 97 Pa. 328; Griffith v. Cochran, 5 Binn. 87; Com. v. Perkins, 7 Pa. 42; Com. v. Mitchell, 82 Pa. 343; James v. Commissioners of Bucks County, 13 Pa. 75; Price v. Commissioners of Phila. County, 1 Wharton, 1; Com. v. Commissioners of Allegheny County, 16 S. & R. 317.

*George M. Roads,* for appellee.—Mandamus will lie to compel the performance by proper officers of duties purely ministerial in their character: Dechert v. Com., 113 Pa. 229; Com. v. Baldwin, 9 W. N. C. 223; Com. v. Smith, 3 W. N. C. 95; Hamilton v. Councils of Pittsburg, 34 Pa. 496; Com. v. Grier, 152 Pa. 176; Com. v. Fitler, 136 Pa. 129; Johnson's License, 165 Pa. 315.

The coroner belongs to the first of the two classes of public officers, designated in the act, and is paid by a fixed and certain salary: Act of March 31, 1876.

OPINION BY RICE, P. J., March 19, 1901:

The 14th section of the Act of March 31, 1876, P. L. 13, which was enacted to carry into effect section 5 of article 14 of the constitution, fixed the salaries of the county officers, and, amongst them, the salaries of coroners, in counties con-

taining less than 250,000 and over 150,000 inhabitants. Section 16 of the same act provided that certain of these officers, naming them, " shall be paid the full amount allowed to them by this bill." The office of coroner was not included in this class. The concluding clause of the section reads thus : " and all other officers shall be paid the amounts herein assigned them, only when the net receipts of their respective offices shall reach the amount herein respectively fixed for them." As shown by preceding sections the " net receipts " of an office of this class are to be ascertained by deducting the amount due to deputies and clerks from the aggregate of fees received and paid into the county treasury, and fees earned and chargeable upon the county. If the county, like a private individual, should pay to the officer the fees prescribed by law, for which the county is liable to the officer, and then the officer should account for such fees and pay the same into the county treasury, undoubtedly they would belong to the fund out of which his salary is to be paid. The act simply dispenses with the useless formality of payment of the fees by the county, to be followed by an almost immediate return of the same into the county treasury, but manifestly intends that the amount of such fees shall be added to the amount of fees actually paid in by the officer, and that the aggregate shall constitute the fund out of which the officer shall be paid his salary. If he has received no fees from other sources (as, for example, in the case of the coroner, from serving writs), then the fund for the payment of his salary consists of the aggregate of such fees earned by him as are, by law, chargeable upon the county; and in such case the balance standing to his credit after deducting the amount due his clerks and deputies constitutes the " net receipts " of the office. As the coroner is not mentioned as one of the officers who are entitled to be paid " the full amount allowed to them " by the act without regard to the amount of fees collected or earned by them, it necessarily follows that he belongs to the class mentioned in the concluding clause of the section. We find no obstacle in the way of administering the other provisions of the act upon this theory which would warrant us in supposing that the legislature did not intend to put him in this class. Moreover, a different construction, if one were possible, would put the act out of harmony with the mandatory section of the con-

stitution which it was enacted to carry into effect.  The second clause of that section reads thus :  " In counties containing over 150,000 inhabitants, all county officers shall be paid by salary, and the salary of any such officer and his clerks, heretofore paid by fees, shall not exceed the aggregate amount of fees, earned during his term and collected by or for him."   The coroner is a county officer, and from very early times was compensated by fees, and at the time of the adoption of our present constitution was compensated in no other way.  By the Act of March 28, 1814, 6 Sm. L. 233, which, excepting in counties having special laws, was then in force, his fees for holding inquests super visum corporis were " to be paid out of the goods, chattels, lands or tenements of the slayer (in case of murder or manslaughter) if any he hath, otherwise by the county," and his fees for executing process or writs of any kind were the same as the fees allowed to the sheriff, and were taxable and collectible in the same way.  In declaring that he can receive no more than what remains of the aggregate of the fees thus earned and legally chargeable against the county, and the fees thus collected and paid into the county treasury, after deducting from this aggregate the amount due his deputies, the legislature obeyed what seems to us a plain mandate of the constitution.  It follows that if there was no such balance the plaintiff was not entitled to a mandamus to compel the controller to approve his claim for any amount, much less for the full amount of his salary for the quarter.

The order is reversed and set aside.