## Luzerne County, Appellant, *v.* Kirkendall.

*Public officers—Treasurer of Luzerne county—Fees—Acts of April* 11, *1866, P. L.* 711, *and March* 31, 1876, *P. L.* 13.

Under the Act of March 31, 1876, P. L. 13, the treasurer of Luzerne county, which county has a population of over 150,000 inhabitants, cannot retain for his own use the fees provided by the local act of April 11, 1866, for issuing mercantile licenses.

Argued April 14, 1904. Appeal, No. 79, Jan. T., 1904, by plaintiff, from order of C. P. Luzerne Co., May T., 1901, No. 559, overruling exceptions to report of referee in case of Luzerne County v. Fred C. Kirkendall, County Treasurer of Luzerne County. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and POTTER, JJ. Reversed.

Exceptions to report of George H. Troutman, Esq., referee.

The parties entered into the following agreement as to the facts :

Now April 24, 1903, in order to dispense with the calling of witnesses on the trial of this case for the purpose of proving matters not in dispute, it is agreed by the parties to this suit that during the year 1900 (the year embraced by the county controller's report appealed from in this case), the defendant, Fred C. Kirkendall, then treasurer of Luzerne county, Pennsylvania, as such treasurer, received fees regulated and provided for by the Act of April 11, 1866, P. L. 711, as follows :

For 3,000 mercantile licenses issued by him as such treas-

urer during said period, for which the fee provided by said act of assembly in each instance was $1.50, the sum of $4,500.

And, also, for other licenses mentioned in said act of assembly and issued by him as such treasurer during said period, for which the fee provided by said act of assembly in each instance was fifty cents, the sum of $137.50.

It is further agreed that said defendant has not paid said sums into the treasury of said county, but has retained them, claiming them as his own.

It is also agreed that Luzerne county, Pennsylvania, has now and had during the period mentioned and at the time of the election of the defendant to said office of county treasurer, more than 150,000 inhabitants; and that the salary of the defendant during his term of office, including said year of 1900, was fixed by the provisions of the Act of March 31, 1876, P. L. 13, and that he received such salary from said county in accordance therewith.

And it is agreed that said defendant received from the commonwealth of Pennsylvania the commissions allowed county treasurers on the amounts collected and forwarded by him to the said commonwealth, in said year of 1900, as mercantile taxes.

The referee found in favor of the defendant.

Exceptions to the referee's report were dismissed by the court.

*Error assigned* was in dismissing exceptions to report of referee.

*Charles E. Terry*, with him *William S. McLean*, county solicitor, and *A. L. Williams*, for appellant.

*John T. Lenahan*, with him *Edward A. Lynch*, for appellee.

OPINION BY MR. JUSTICE POTTER, May 2, 1904:

The defendant, Fred C. Kirkendall, was elected county treasurer of the county of Luzerne, at the November election, 1899, to serve for the term of three years from the first Monday of January, 1900. He duly qualified and assumed the duties of the office. Luzerne county, having more than 150,000

inhabitants, the salary of the county treasurer is fixed by the Act of March 31, 1876, P. L. 13, at $5,000 per annum. During the year 1900, pursuant to section 3 of the local Act of April 11, 1866, P. L. 711, entitled "An act to regulate the fees of the county treasurer of Luzerne and Clearfield counties," the defendant collected fees for 3,000 mercantile licenses issued by him as county treasurer during said period, for which the fee provided by said act of assembly in each instance was $1.50, the total sum collected for such licenses being $4,500. He also received fees for certain other licenses collected under said act, for which the fee provided in each instance was fifty cents, making a total sum for such other licenses of $137.50. These sums have not been paid by defendant into the treasury of the county but have been retained by him as his own. The county controller in his report of the receipts and the expenditures of Luzerne county for the year 1900 did not charge the treasurer with these sums, simply allowing credit for $5,000 salary paid to the county treasurer. Under the provisions of the act of June 12, 1878, ten taxpayers of the county appealed from the report of the controller to the court of common pleas. An issue was framed and the case was referred, the referee reporting in favor of the treasurer. His report was confirmed by the court and judgment entered for defendant from which the county appealed. The appellee received from the state the commissions allowed him by it, on the mercantile licenses and other taxes, for their collection and remittance, and in addition thereto he claims these fees.

It is declared by sec. 5, art. XIV, of the constitution, that "the compensation of county officers shall be regulated by law, and all county officers who are or may be salaried, shall pay all fees which they may be authorized to receive, into the treasury of the county or state, as may be directed by law. In counties containing over 150,000 inhabitants, all county officers shall be paid by salary; and the salary of any such officer and his clerks, heretofore paid by fees, shall not exceed the aggregate amount of fees earned during his term and collected by or for him." And the Act of March 31, 1876, P. L. 13, in sec. 1, provides that in counties containing over 150,000 inhabitants, "all fees limited and appointed by law to be received by each and every county officer" shall belong to the county; "and it shall be

the duty of each of said officers to exact and receive all such fees to and for the use of their respective counties, except such taxes and fees as are levied for the state, which shall be to and for the use of the state : and none of said officers shall receive for his own use, or for any use or purpose whatever except for the use of the proper county or for the state, as the case may be, any fees for any official services whatsoever." Section 13 fixes the salaries of county officers in counties having less than 300,000 and more than 150,000 inhabitants, the salary of county treasurers being fixed at $5,000. Section 15 provides that " the salaries fixed and provided by the foregoing provisions, shall be in lieu of all or any moneys, fees, perquisites or mileage which are now or may hereafter be received by any officer named in this act; and all said moneys, fees, mileage or perquisites, received by any of them as compensation, fees or perquisites, from any source whatever, shall in all cases belong to the county, and shall be paid into the treasury (except where required to be paid to the state) as provided in this act."

The plaintiff contends that the fees collected under the act of April 11, 1866, by the defendant, are within the provisions of the constitution and of the act of March 31, 1876, and should therefore he paid into the county treasury. On the other hand the defendant contends that in collecting the mercantile licenses, etc., he is acting solely as an agent of the state, the fees being part of his compensation by the state for his services.

With this latter contention we cannot agree. For his services to the state the defendant has been paid a commission upon the amount collected. To the " fees " now under consideration, the state makes no claim. They belong either to the defendant or to the county. The fees were not paid by the state, but by the individuals who obtained the licenses, and they were paid to the defendant as county treasurer. Our Brother DEAN in Com. v. Mann, 168 Pa. 290, thus comments (p. 299) on the act of March 31, 1876: " When . . . . the legislature . . . . declared ' all fees ' which the county officers were ' entitled to charge or receive shall belong to the county in and for which they were severally elected and appointed,' it meant and only could mean, all the fees pertaining to the

county officer, and which from the character of the office, the incumbent earned and received." It is clear that in the present case the fees in question were earned by the defendant in his character as county treasurer, and that they were an attribute of the office, and in no sense pertained to the defendant as an individual.

The principle upon which Schuylkill Co. v. Shoener, 205 Pa. 592, was decided, is controlling here. Under section 3 of the act of July 30, 1897, each applicant for a liquor license is required to pay the clerk of the quarter sessions, $5.00 when he files his petition, for expenses connected therewith; and the clerk is required to advertise such applications in a particular manner. In that case the clerk of quarter sessions for Schuylkill county refused to pay into the county treasury such amounts as were paid him by the applicants, on the ground that the act created a special fund for expenses of advertising, and for his own legal expenses, and claimed that after paying all expenses the balance belonged to him, and was not an earning of the office within the meaning of the act of March 31, 1876, but was in the nature of a special fee for services rendered. This court, however, held that such sums were fees within the act of 1876 and as such should be paid into the county treasury. By referring to the act of 1897 it appears that the purpose of the act is to raise revenue for the state. The license fees provided for under section 1 of the act are to be collected by the county treasurer for the use of the commonwealth, and are to be turned over to the state treasurer. So that every element appeared in that case, which can be urged in support of the claim of the defendant here. In that case as in the one now before us, the fees which were the subject of the contention, came from the individuals who were applying for licenses, and in each case the county officer received for his services an extra sum, which was in addition to the amount paid for the license. The state in both cases receives the license fee, and allows the officer a commission for its collection, but the state has nothing to do with the small additional sum, which is apparently intended to cover the cost of making out and issuing the license, and as such it can only be regarded as an earning of the office.

We are clear that the fees collected by the defendant in this case are within the provisions of the constitution, and the act

of March 31, 1876, and that they belong to the county. They should have been paid into its treasury on or before January 7, 1901. The county is therefore entitled to judgment for the amount of the license fees thus wrongfully withheld, viz: $4,637.50, and interest thereon from that date.

The judgment of the court below is now reversed, and is here entered for the county of Luzerne, and against the said defendant, for the sum of $5,557.26.