## Slattery v. Hendershot, Appellant.

*Public officers—District attorney—Salaried officer—Extra compensation—Act of May 19, 1887, P. L. 138.*

A district attorney who is a salaried county officer must look to his salary alone as compensation for all services rendered in his official capacity. It is the duty of a district attorney, in the exercise of the requirements of his office to conduct "all criminal and other prosecutions which arise in the county for which he is elected" to

240, (1919).]     Syllabus—Opinion of the Court.

represent the Commonwealth before the appellate courts in appeals originating from his county.

Under the Act of May 19, 1887, P. L. 138, a district attorney is not allowed extra compensation for representing the Commonwealth in appeals to the appellate courts.

Argued March 2, 1919. Appeal, No. 40, March T., 1919, by Fuller R. Hendershot, from judgment of C. P. Luzerne Co., July T., 1918, No. 110, awarding peremptory mandamus in the case of Frank P. Slattery v. Fuller R. Hendershot, County Controller of Luzerne Co. Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Petition for mandamus to compel the payment of certain fees to district attorney of Luzerne Co. for representing the Commonwealth before the Supreme Court. Before WOODWARD, J.

The court awarded a writ of alternative mandamus, which it subsequently made peremptory.

*Error assigned* was the decree of the court.

*James M. Stack,* for appellant, cited: Constitution of Pennsylvania, Art. XIV, Sec. 1; Constitution of Pennsylvania, Art. XIV, Sec. 5; Act of 19 May, 1887, Sec. 2, P. L. 138; Schuylkill County v. Wiest, 257 Pa. 425; Pierie v. Phila., 139 Pa. 573.

*Frank P. Slattery,* for appellee.

OPINION BY PORTER, J., July 17, 1919:

The plaintiff is the district attorney of Luzerne County and had conducted in the Court of Oyer and Terminer of Luzerne County the prosecution of an indictment charging one Angelo Corsino with murder, which resulted in a conviction of murder in the first degree; Corsino appealed from that judgment to the Supreme Court; the

paper-book of the appellant in that case was served upon the plaintiff, as the district attorney of Luzerne County; the plaintiff prepared the paper-book of the Commonwealth; argued the case on behalf of the Commonwealth before the Supreme Court, at Philadelphia, and after the case had been disposed of by the Supreme Court, the Court of Oyer and Terminer of Luzerne County fixed and approved the sum of $250 as a reasonable compensation for the services of the plaintiff as district attorney in connection with said case in the Supreme Court, and the sum of $17 as necessary expenses in said case, in accordance with the provisions of Section 2 of the Act of May 19, 1887, P. L. 138. The plaintiff presented his petition to the court below averring the facts above stated and that the appellee, as controller of Luzerne County wrongfully refused to approve for payment the claim of the petitioner, and praying for a writ of mandamus to compel the respondent to audit and approve for payment the said bill of $267. The county controller filed an answer which did not deny the right of the plaintiff to be paid out of the county treasury the sum of $17 which he had necessarily expended in attending to the disposition of the matter in the Supreme Court but denying the legal right of the plaintiff to be paid the sum of $250 as compensation for his services in such matter, in addition to his salary as district attorney of Luzerne County. It is agreed that Luzerne County contains over one hundred and fifty thousand inhabitants and that the district attorney of said county is a salaried officer and has been paid the salary fixed by law. The parties filed an agreement in the court below to waive further pleadings and submit the case for decision to the court upon the petition and answer filed, and further agreeing, "That the only question for the court to determine is, whether the district attorney of Luzerne County, a salaried county official, is entitled, in addition to his salary, to the compensation provided for in Section 2 of the Act of Assembly of the Commonwealth of Pennsylvania, approved May

19, 1887, P. L. 138; and to enter judgment accordingly."
The court below was of opinion that while the Constitution provides that "in counties containing over one hundred and fifty thousand inhabitants, all county officers shall be paid by salary; this does not say 'by salary alone,' and does not of itself exclude additional compensation for particular or unusual services outside of the duties prescribed for the office. The exclusion of such compensation must, therefore, be sought in the language 'and all county officers who may be salaried shall pay all fees which they may be authorized to receive, into the treasury of the county or State, as may be directed by law.'" The learned judge of the court below was of opinion that the word "fees" in the constitutional provision referred only to the specific charges fixed by law for official acts, not derived from the county itself; and should not be construed to include the compensation paid to district attorneys under the provisions of the Act of 1887. The court below awarded a writ of peremptory mandamus and the respondent appeals.

There have been many opinions written in cases in which the question of the right of salaried county officers to receive compensation, in addition to their salaries, was involved and the constitutional limitations and the provisions of the Act of March 31, 1876, P. L. 13, have so frequently been quoted at length that it seems unnecessary to incorporate them in this opinion. That a salaried county officer must look to his salary alone as compensation for services rendered in his official capacity has been so definitely determined by the decisions of the Supreme Court that the question ought not longer to be considered an open one: Phila. v. McMichael, 208 Pa. 297; Luzerne County v. Kirkendall, 209 Pa. 116; Schuylkill County v. Reese, 249 Pa. 281; Pierie v. Phila., 139 Pa. 573. "An analysis of the enactments, constitutional and legislative, will clearly show the fixed intention to confine a salaried county officer to his salary as compensation for all services rendered in his official capacity": Schuylkill County

v. Wiest, 257 Pa. 428. It is argued, however, that the services for which the plaintiff seeks to recover compensation in this proceeding were not rendered in his official capacity, that it is not his duty, as district attorney, to represent the Commonwealth when a criminal proceeding is carried to an appellate court. The office of district attorney was created by the Act of May 3, 1850, P. L. 654, which thus defined his duties: "The officer so elected shall sign all bills of indictment, and conduct in court all criminal or other prosecutions in the name of the Commonwealth, or when the State is a party, which arise in the county for which he is elected, and perform all the duties which now by law are to be performed by deputy attorney-generals; and receive the same fees or emoluments of office." The argument is that the officer is only to conduct criminal proceedings in the courts of the county for which he was elected. The statute does not so provide, it imposes upon him the duty of conducting "all criminal or other prosecutions, which arise in the county for which he is elected." When an appeal is taken from the judgment of the court of the county, in a criminal case, that does not change the character of the proceeding, it is still a prosecution arising in the county for which the district attorney was elected. Prior to the creation of the office, the Commonwealth was represented in the Supreme Court, in appeals in criminal cases, by the attorney-general or a deputy attorney-general. Since that date the Commonwealth has been represented in all criminal appeals by the proper district attorney. This has been the almost universal practice. The fact that the attorney-general may exercise supervisory powers does not render the district attorney any the less an official representative of the Commonwealth. The Constitution of 1874, Article XIV, Section 1, rendered the district attorney a constitutional county officer, but did not change or limit his duties and powers.

Section five, of the same article, not only provided that county officers in counties containing over one hundred

and fifty thousand inhabitants shall be paid by salary, but added the further limitation as to the amount of compensation to be received : "and the salary of any such officer and his clerks, heretofore paid by fees, shall not exceed the aggregate amount of fees earned during his term and collected by or for him" ; and this section contained the provision that county officers who are salaried "shall pay all fees which they may be authorized to receive, into the treasury of the county or State, as may be directed by law." The Act of March 31, 1876, P. L. 13, enacted to carry into effect this constitutional provision, fixed the salaries to be paid to district attorneys and other county officers, in counties containing over one hundred and fifty thousand inhabitants; the sections of the statute fixing the amount of the salaries of the several officers have been amended by subsequent legislation, but the following provisions remain unchanged. Section fifteen enacted that the salaries fixed, shall be in lieu of all or any moneys, fees, perquisites or mileage which are now or may hereafter be received by any officer named in this act; and all moneys, fees and mileage or perquisites received by any of them as compensation, fees or perquisites, from any source whatever, shall in all cases belong to the county, and shall be paid into the treasury, except where required to be paid to the State. The sixteenth section enacted that certain county officers designated shall be paid the full amount allowed to them by this act; these were officers to whom fees were not payable, and the district attorney was not one of them. Then follows this provision : "and all other officers shall be paid the amounts herein assigned them, only when the net receipts of the respective officers shall reach the amount herein respectively fixed for them." It was held under this section that taking into consideration the preceding section of the statute, the "net receipts" of an office of this class are to be ascertained by deducting the amount due to the deputies and clerks from the aggregate of fees received and paid into the county treasury, and

fees earned and chargeable upon the county: Bleiler
v. Muldoon, 16 Pa. Superior Ct. 553. When the net re-
ceipts of the district attorney from all sources, as thus
computed, are sufficient to pay the salary of the district
attorney he is entitled to receive it under the law, but
not otherwise. This becomes material when we come to
consider the Act of May 19, 1887, P. L. 138. The second
section of that statute, which the court below held to en-
title the appellee to compensation in addition to the
amount of his salary is as follows: "That, when the rec-
ord in any criminal case shall have been removed by writ
of certiorari or otherwise to the Supreme Court for re-
view and shall have been therein disposed of, the necessary
expenses of the district attorney in connection therewith,
including a reasonable compensation for his services to
be fixed by the court in addition to the regular fee now al-
lowed him by law for trying the case in the lower court,
shall be paid by the proper county." It is the "necessary
expenses of the district attorney in connection," with the
case when in the Supreme Court, including a reasonable
compensation for his services, which is to be paid by the
county. It is his expenses and services as district attor-
ney, as an officer, for which he is to receive compensation,
"in addition to the regular fee now allowed him by law
for trying the case in the lower court." The statute thus
assimilates the compensation which it allows him to the
fees of office to which he was entitled, under the law, in
the lower court. The words give rise to a clear implica-
tion of the legislative intention to allow this compensa-
tion to the district attorney because it was their belief
that his duty as a public officer rendered it "necessary"
for him to incur expenses and render services in repre-
senting the Commonwealth in such cases in the Supreme
Court. The allowance is in the nature of costs in the
proceeding. It is an allowance, as costs, to the district
attorney, in addition to the fee in the lower court. If it
is anything but costs, if it is a grant of additional com-
pensation to the district attorney, for something which

he does outside of his official duty, then this section of the statute is clearly unconstitutional, for the title of the act is "An Act providing for the payment of costs in criminal cases by the proper county": Pierie v. Phila., supra. Whether the title of the act is sufficient to sustain this allowance as costs, may not be free from doubt, but assuming it to be valid as costs, then it is costs allowed to the district attorney in his official capacity. When this statute was enacted there were many counties in the State where the district attorney was not a salaried officer, and in those counties the costs allowed by this statute would become the property of the district attorney. In counties where the district attorney was a salaried officer, the costs thus received would come within the provisions of the Act of 1876 which require that "all said moneys, fees, mileage or perquisites, received by any of them (county officers), as compensation, fees or perquisites, from any source whatever, shall in all cases belong to the county, and shall be paid into the county treasury." It might be a matter of importance to the district attorney in a county where he was paid by salary to have the compensation thus allowed, in order to make the "net receipts" of his office sufficient to pay his salary. If this statute were to attempt to do more than this then it must under the decisions hereinbefore cited, be held to be clearly unconstitutional.

The decree of the court below is reversed.