# Slattery, Appellant, *v.* Hendershot.

*Public officers—District attorney—Compensation—Salaried officers—Counties with over 150,000 inhabitants—Constitutional law —Act of May 19, 1887, P. L. 138.*

1. In counties containing more than one hundred and fifty thousand inhabitants, the district attorney is a salaried officer, whose salary is compensation for all services rendered by him in his official capacity.

2. In so far as the Act of May 19, 1887, P. L. 138, provides compensation for the district attorney in addition to his salary for the performance of his official duties, wherever rendered, it is in conflict with the constitutional limitation upon what he is to receive.

3. A district attorney of a county with over one hundred and fifty thousand inhabitants is not entitled to recover compensation

in addition to his salary, for services rendered in an appeal by the Commonwealth in a criminal case.

Submitted April 12, 1920. Appeal, No. 128, Jan. T., 1920, by plaintiff, from judgment of Superior Ct., March T., 1919, No. 40, reversing judgment of C. P. Luzerne Co., July T., 1918, No. 110, awarding peremptory mandamus in case of Frank P. Slattery v. Fuller R. Hendershot, County Controller of Luzerne County. Before Brown, C. J., Stewart, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Appeal from judgment of Superior Court.
See 72 Pa. Superior Ct. 240.

The case turned upon the right of plaintiff, district attorney of Luzerne County, to receive $250 for services to the Commonwealth in a criminal case appealed to the Supreme Court.

The facts are stated in the opinion of the Superior Court.

The Superior Court reversed the order of the common pleas awarding the mandamus. Plaintiff appealed.

*Error assigned* was judgment of Superior Court, quoting it.

*Arthur H. James* and *Frank P. Slattery*, for appellant.

*John H. Dando*, County Solicitor, and *James M. Stack*, Controller's Solicitor, for appellee.

Per Curiam, May 10, 1920:
The County of Luzerne contains more than one hundred and fifty thousand inhabitants, and its district attorney is a salaried officer, whose salary is compensation for all services rendered by him in his official capacity: Schuylkill County v. Wiest, 257 Pa. 425; and the Act of May 19, 1887, P. L. 138, in so far as it provides compensa-

tion for him in addition to his salary for the performance of his official duties, wherever rendered, is in conflict with the constitutional limitation upon what he is to receive. This was the obviously correct conclusion of the Superior Court in reversing the judgment of the court below, under which the appellant would have received compensation to which he is not entitled: 72 Pa. Superior Ct. 240.

The judgment of the Superior Court is affirmed.