## Commonwealth *v.* Trunk et al., Appellants.

Argued November 29, 1935. Before Frazer, C. J., Kephart, Schaffer, Drew, Linn and Barnes, JJ.

*Theodore Lane Bean,* for appellant.

*W. Russell Green,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, January 6, 1936:
We have in these appeals a narrow question which has already been passed upon by the Superior Court (Com. v. Trunk, 117 Pa. Superior Ct. 494, following Com. v. Garramone, 115 Pa. Superior Ct. 588). The question is: Where a defendant had been convicted in the quarter sessions, and, on ultimate appeal to this court, his conviction has been reversed and a new trial has been awarded, and on the second trial, he has been acquitted and the jury in its verdict has placed the costs on the county, may the defendant recover from the county the costs of printing the record and brief on appeal?

The decision involves the construction of certain statutes relating to the imposition of costs in civil and criminal cases. The Act of April 27, 1909, P. L. 263, 12 P. S., section 1193, which amends the Act of April 15, 1907, P. L. 83, provides: "That in all cases, either in law or in equity, wherein an appeal is taken from any judgment, decree, or order to the Supreme or the Superior Court, the party in whose favor the final decision is rendered shall be entitled to charge, and collect from the losing party as part of the costs, such amount as shall have been expended for printing paper books upon said appeal. The cost of printing the paper book of each party shall be taxed as costs, collectible by the attorney

of record of such party in such appeal. Said amounts to be taxed and collected in the same manner as costs are now taxed and collected by law."

That criminal causes are cases in law is a proposition which admits of no doubt. Cases include all "claims of litigants brought before the courts for determination by such regular proceedings as are established by law or custom for the protection or enforcement of rights, or the prevention, redress, or punishment of wrongs." (FIELD, J., In Re Pacific Ry. Comm., 32 Fed. 241, 255.) Nor can there be any question that a sentence in a criminal case is a judgment: 16 C. J. 1265; Com. v. Mayloy, 57 Pa. 291, 297, 298; Tarlo's Est., 315 Pa. 321; Com. v. Wilcox, 316 Pa. 129, 143. Any doubt which might remain as to whether a criminal sentence is a judgment on which the losing party on appeal should pay the costs is removed by the later Act of June 5, 1913, P. L. 422, 12 P. S., sections 1194-5, where it is said: "That in all appeals . . . when the . . . sentence . . . is reversed . . . the lawful costs . . . shall be paid by the losing party in such appeal."* The word "sentence" can apply

---

* The full text of the act is as follows: "Section 1. Be it enacted, etc., That in all appeals to the Supreme or Superior Courts, when the judgment, order, sentence, or decree is reversed by said appellate court, without a venire or order and judgment as to the payment of costs, the lawful costs in said case, taxed in the lower court, shall be paid by the losing party in such appeal; and, on the filing of the remittitur in said lower court, the proper officer shall enter judgment against said losing party, upon which judgment due process may issue for the collection thereof: Provided, however, That process to collect the said costs may be stayed if the court below shall determine the case is not finally closed between the parties, and the said losing party, or legal representative, shall bring a new action for the same cause of action against the other party, or legal representative, within thirty days after said determination. When such second or other action is brought, the collection of said costs shall be postponed until the final closing of said action, when said costs shall follow the judgment in said second or other case relating to the same cause of action. In default of said second or other action, the judgment for costs shall be final.

only to a criminal case. Hence, when the Acts of 1909 and 1913, being in pari materia, are read together, as they should be (Nyce v. Board of Commissioners, 319 Pa. 353), their provisions clearly stipulate where, as here, the judgment and sentence in a criminal case has been reversed on appeal, the defendant is entitled to recover from "the losing party" the cost of printing the paper books for the appeal. The only real question is whether the county in which the case is tried is the losing party contemplated by the statutes.

Much research and learning has been displayed by counsel who have gone back to ancient English usages to demonstrate on the one hand that the county is the losing party, and on the other that the Commonwealth is, because the prosecution is brought in the name of the Commonwealth. We think, however, that in the domain of things as they actually are, the use of the word "Commonwealth" in criminal proceedings is as a symbol typifying sovereignty, just as in New York it is "The People," or as, in the early days of this State, criminal actions were prosecuted in the name of "Respublica" (Respublica v. Lacaze, 2 Dallas 118; Respublica v. Cobbett, 3 Dallas 467) and that the actual party which loses where a verdict is "not guilty" is the county in which the prosecution is brought. We cannot believe that when the legislature provided that costs should be paid by the losing party they meant thereby to make them payable

"Section 2. That in all appeals to the Supreme or Superior Court, when the judgment, order, sentence, or decree is reversed, with a venire for another trial, the costs taxed in accordance with existing law shall be paid by the losing party; and on the return of the remittitur in the lower court the proper officer shall enter judgment against said losing party, upon which said judgment due process of law may issue for the collection of the same, unless the said cause of action is again tried in the lower court by the parties, or legal representative, within one year after such remittitur is filed; in which event the costs shall follow the final judgment on such retrial, and be transferred by the proper officer to said case, and the former judgment satisfied if against the successful party."

out of the state treasury. Such construction would be highly unreasonable in view of the long-established practice, uniform over many decades, of fixing costs in criminal cases upon the counties. So far as we have knowledge, the Commonwealth has never paid such costs, yet a long series of statutes beginning with the Act of September 23, 1791, 3 Sm. L. 37, 19 P. S., section 1221, have provided for the payment of particular costs in criminal cases by the proper county. The county has always been viewed as the proper unit of government to prosecute and enforce the general criminal law, and hence, as the adversary of the accused, is the losing party when the defendant in a criminal case receives the decision in his favor.

We are not overlooking the rule that "the recovery and payment of costs in criminal cases are so entirely dependent upon statutory regulations that it is indispensable for every claimant to be able to point to the statute which entitles him to receive what he claims" (Com. v. Buccieri, 153 Pa. 570). That difficulty does not exist here. There is no doubt as to what statutes, if any, give rise to appellants' claims; the only question raised is as to the interpretation of those statutes.

It may be appropriate to point out that the conclusion to which we have come is the same as that reached by Chief Justice FRAZER, when sitting in the Court of Quarter Sessions of Allegheny County, in Com. v. Casey, 59 P. L. J. 490.

The orders of the Superior Court and of the court of quarter sessions are reversed, with directions to make absolute the rule requiring the County of Montgomery to pay the costs here in question. Costs on these appeals also to be paid by the County of Montgomery.