## Commonwealth v. Hershman

*Charles D. Coll*, Special Deputy Attorney General, and *James F. Malone, Jr.*, district attorney, for Commonwealth.

*James P. McArdle*, for defendant.

BRAHAM, P. J., (specially presiding) July 6, 1954. —Defendant was indicted at the February sessions of 1951 for misfeasance in office. A motion to quash the indictment was granted but upon appeal by the Commonwealth to the Superior Court of Pennsylvania this decision was reversed with a venire (171 Pa. Superior Ct. 134). Defendant then appealed to the Supreme Court of Pennsylvania where the decision of the Superior Court was affirmed on June 26, 1953 (374 Pa. 311). The case came on for trial November 16, 1953, and defendant was found not guilty, but directed to pay the costs.

The case is now before the court upon defendant's exceptions to two items of costs which have been taxed against him. The first is an item of $400 for the district attorney's fees of $150 each for appeals to the Superior and the Supreme Court, $25 for the indictment, $25 for the first day of trial, and $10 each for the five succeeding days of trial. The second item is $246 for the Commonwealth's printing costs in the two appeals.

The question of the liability for the costs on appeal may first be disposed of. Defendant relies upon language in the Act of May 19, 1897, P. L. 67, sec. 21, 12 PS §1160, and the Act of April 27, 1907, P. L. 263, sec. 1, 12 PS §1193, providing that the costs on appeal shall be paid by the party "finally losing the case" or that "the party in whose favor the final decision is rendered" shall be entitled to his costs. This act must be read in conjunction with the Act of June 5, 1913, P. L. 422, sec. 1 and 2, 12 PS §§1194, 1195: Commonwealth v. Trunk et al., 320 Pa. 270.

This legislation does not bear out defendant's contention. Section 2 of the Act of June 5, 1913, P. L. 422, specifically provides that where a judgment, order, sentence, or decree is reversed with a venire and a second trial is had within the year, "the costs shall follow the final judgment on such retrial". The costs

are not a part of the punishment of the law violator; they are part of the expenses of maintaining open tribunals for the public trial of cases, the duty to pay which under proper circumstances may be placed upon the people who use the courts: Commonwealth v. Moore, 172 Pa. Superior Ct. 27; Commonwealth v. Cauffiel, 97 Pa. Superior Ct. 202, 205; Commonwealth v. Hamel, 44 Pa. Superior Ct. 464; Commonwealth v. Dunleavy, 16 Pa. Superior Ct. 380. The Moore, Hamel and Dunleavy cases establish that an order to pay costs while suspending sentence is not a sentence.

The cases cited by defendant may readily be distinguished. Matthews et ux. v. Tyrone Coal Company, 74 Pa. Superior Ct. 588, is a civil case in which plaintiff being dissatisfied with the instructions of the court on the subject of damages took an appeal. The appeal was decided against him and it was held that, although he was entitled to collect his original verdict he was not entitled to his costs on appeal. In Soltaniuk, Exec., v. Metropolitan Life Insurance Company, 137 Pa. Superior Ct. 537, defendant admitted that $42.71 was owing to plaintiff but plaintiff recovered a larger verdict. The court improvidently entered judgment n. o. v. for defendant which, upon appeal was reversed and plaintiff granted judgment for $42.71. It was held that defendant, who had failed to clear up the record, was liable for the costs on appeal. In Mahony, tr., v. Boenning et al., 139 Pa. Superior Ct. 428, plaintiff had two claims. The jury found for plaintiff on one and for defendant on the other. Each party appealed. It was held that although defendant had to pay his own costs on appeal he did not have to pay plaintiffs.

None of the cases cited help defendant. In Commonwealth v. Garvey, 71 Pa. Superior Ct. 168, defendant in a criminal case was convicted and sentenced. The Superior Court upon appeal reversed and directed a

new trial. At the second trial defendant was found not guilty but ordered to pay the costs. It was held that he was liable for the costs of both trials. The court pointed out that there was from first to last but one prosecution and all the costs were incident thereto. It was defendant who secured the erroneous quashing of the indictment. Appeal by the Commonwealth was necessary to correct the error. Defendant must pay the Commonwealth's costs on appeal as directed by the trial jury because all was a part of his trial on one indictment.

The exceptions to the district attorney's costs stand on a somewhat different footing. The objection to his charges for arguing the case in the Superior and Supreme Court at the rate of $150 for each appeal must be sustained. The Act of May 19, 1887, P. L. 138, sec. 2, 19 PS §1263, which allowed the district attorney this additional compensation was held in Slattery v. Hendershot, 267 Pa. 402, to be unconstitutional because in conflict with the constitutional limit upon what he was to receive. It is probable that the effect of this decision was modified by the Act of July 28, 1953, P. L. 723, 16 PS §2151-1801, which provides that fees of all county officers whether elected or appointed shall belong to the county. .

However, the decisive enactment is found in the Act of July 2, 1953, P. L. 325, 19 PS §1263, which amends the Act of May 19, 1887, P. L. 138. The Act of 1887 provided that the costs of the Commonwealth in a criminal case shall be paid in the first instance by the county, and by the district attorney and the county commissioners collected "from the party made liable therefor by the sentence or order of the court". Among the costs enumerated are "the necessary expenses of the district attorney in connection therewith [cases appealed to higher courts], including a reasonable compensation for his services to be fixed by the court in addition to the regular fee now allowed him

by law for trying the case in the lower court". The Act of 1953 amends the Act of 1887 in this very particular by striking out the words "including a reasonable compensation . . . to be fixed by the court in addition to the regular fee now allowed him by law for trying the case in the lower court". There is therefore now no warrant in law for allowing to the district attorney or to the county for his services the two items of $150 each.

Defendant does not question the allowance of the costs and expenses of the district attorney in the court below except by charging that the Commonwealth carried on the prosecution rather than the county. The county is but the creature of the Commonwealth, having no inherent sovereignty, and the district attorney merely performs in the county the functions of the Attorney General and may be superseded by the Attorney General in the sound exercise of his discretion: Commonwealth ex rel. Minerd et al. v. Margiotti 325 Pa. 17; Margiotti's Appeal, 365 Pa. 330.

The Commonwealth, the sovereign, requires the county to pay the costs when the Commonwealth is the loser: Commonwealth v. Trunk et al., 320 Pa. 270. It does not matter whether the Attorney General or the district attorney conducts the prosecution.

Entertaining these views, we make the following

### Order

Now, July 6, 1954, the rule issued on the district attorney et al. on December 18, 1953, is made absolute to the extent of striking off charges in the amount of $300 for the district attorney's services upon appeal; otherwise the rule is discharged and the rule granted on defendant on December 9, 1953, to show cause why the appeal costs of the Commonwealth in the amount of $246 should not be charged to defendant is made absolute and these charges are approved.