## Dunn et al. v. Deitrick et al.

*Louis Cohen*, for plaintiffs.

*Daniel F. Martini*, for defendants.

FORTNEY, P. J., July 18, 1955.—Plaintiff, Edward Dunn, a justice of the peace, joined with Walter Profit, a constable, in bringing an action in assumpsit against the commissioners and controller of Northumberland County to recover fees they allege to be due them. Defendants did not answer, but agreed

with plaintiffs on the facts, with the result the matter is now before us for determination on a case stated. The following are relevant

*Findings of Fact*

1. Plaintiff, Edward Dunn, on July 6, 1954, was a regularly elected and duly qualified justice of the peace in the Borough of Mount Carmel in this county.

2. Plaintiff, Walter Profit, on July 6, 1954, was a duly qualified constable in the Borough of Mount Carmel in this county.

3. Defendants, Dr. George Deitrick, John U. Shroyer and George Perles, were, on July 6, 1954, and presently are, the regularly elected and duly qualified Commissioners of Northumberland County.

4. Defendant, Robert Gibson, was, on July 6, 1954, and presently is, the regularly elected and duly qualified Controller of Northumberland County.

5. On July 6, 1954, Mary Bolitchik signed an information before Edward Dunn, in which she charged George Bolitchik with the summary offense of disorderly conduct.

6. On July 6, 1954, Edward Dunn issued a warrant, which was served on Geroge Bolitchik by Walter Profit.

7. On August 30, 1954, after hearing held, Edward Dunn dismissed the case because there was insufficient evidence presented on which to find George Bolitchik guilty of the offense charged.

8. Edward Dunn, within 30 days from the date of the hearing, delivered a transcript of the hearing to the office of the county commissioners.

9. The contents of the transcript meet the legal requirements and indicated a fee of $6.15 for Edward Dunn, as justice of the peace, and of $2.45 for Walter Profit, as constable.

10. When Edward Dunn and Walter Profit demanded payment of these fees, defendants refused.

### Discussion

The question here presented is whether costs incurred by a justice of the peace and a constable in a summary proceeding which is dismissed for insufficient evidence are payable by the county.

It is the settled law that the recovery and payment of costs in criminal cases are so entirely dependent upon statutory regulations that it is indispensable for every claimant to point to the statute which entitles him to receive what he claims: Commonwealth v. Trunk, et al., 320 Pa. 270, 274.

Plaintiffs, in an effort to substantiate their claim, and defendants, in justification of their refusal to pay, all point to the same statutes, viz. the Act of January 7, 1952, P. L. 1841, known as the Minor Judiciary Bill. Section 3 thereof is titled, "Payment of Summary Conviction Costs by County" and provides:

"(a) In every case of summary conviction in which the evidence is not sufficient to convict and the defendant is dismissed, the costs or fees thereof shall be paid by the county."

This section was amended in 1953 (42 PS §218) by adding thereto the following:

". . . if the prosecutor is a police officer engaged as such in the employ of this commonwealth or of any of its political sub-divisions. In all other cases, the costs shall be paid by the prosecutor or by the defendant if so permitted by law."

Whenever a section or part of a law is amended, the amendment shall be construed as merging into the original law, become a part thereof, and read together. Guided by this standard, what was the intention of the legislature?

Plaintiffs argue that a justice of the peace, in a summary proceeding which is dismissed because of insufficient evidence, is not permitted by law to place

costs on defendant. This court has so held in a proceeding in the quarter sessions: Commonwealth v. Davis, Jr., February 24, 1954. Plaintiffs further argue there is no statutory law permitting the imposition of costs upon the prosecutor. They conclude by saying that since the law does not permit imposition of the costs in these summary proceedings upon the prosecutor or defendant the county is liable for the costs. To adopt this view would be to completely ignore the mandatory provisions of the section of the act in question, which says, in every case of summary conviction in which the evidence is not sufficient to convict and defendant is dismissed, the costs shall be paid by the county only if the prosecutor is a police officer engaged as such in the employ of the Commonwealth or any of its political subdivisions.

It is our conclusion this statute separates dismissed summary cases into two classes: (1) Those in which the prosecutor is a police officer, and (2) all other cases. The costs of those cases which fall in the first class are payable by the county. The costs of those cases which fall in the second class are payable by the prosecutor or defendant, if so permitted by law.

It is conceivable a situation may develop in these summary proceedings when costs could not be collected from any person. Plaintiffs' remedy, then, is in the legislature. We are not dealing here with the right to collect costs, but with the liability for them.

## Conclusions of Law

1. Under the statutory law of Pennsylvania, the costs in a summary proceeding, which is dismissed for insufficient evidence, are not payable by the county, unless the prosecutor is a police officer engaged as such in the employ of the Commonwealth or any of its political subdivisions.

2. Defendants are not legally liable to pay these costs to plaintiffs.

Under the circumstance, we make the following

*Order*

And now, July 18, 1955, the prothonotary is directed to enter judgment for defendants.