## Commonwealth v. Molinari

*D. N. Savitt*, for petitioner.
*M. vonMoschzisker*, for Commonwealth.

SPORKIN, J., September 18, 1957.—On January 16, 1954, petitioner was tried and convicted by a jury of subornation of perjury. Upon appeal to the Superior Court the judgment of sentence was reversed and a new trial ordered: Commonwealth v. Molinari, 179 Pa. Superior Ct. 427 (1955). A second trial resulted in disagreement by the jury. Finally, on May 29, 1957, the case was tried for a third time and the jury returned a verdict of "not guilty". Defendant has filed a petition and rule upon the County of Philadelphia for the payment of costs on the appeal to the Superior Court in the sum of $4,052.84.

1. The parties have stipulated as to the amount which includes:

Filing appeal ........................$  12.00
Transfee fee .........................   3.00
Filing certiorari ....................   3.00
Filing petition for continuance ........   1.00
International Printing Company for printing brief and record ...............   4,033.84

The district attorney, representing the Commonwealth of Pennsylvania, resists payment on the ground that the jury did not make an award of costs against the county. The city solicitor appeared on behalf of Philadelphia County and stated to the court that it did not oppose the petition.

We do not here decide which of the law officers, the district attorney or the city solicitor, is appropriate counsel. We are grateful to have had the benefit of the opinion of both of them.

The Act of April 27, 1909, P. L. 263, 12 PS §1193, provides:

"In all cases, either in law or in equity, wherein an appeal is taken from any judgment, decree, or order to the Supreme or the Superior Court, *the party in whose favor the final decision is rendered shall be entitled to*

*charge, and collect from the losing party as part of the costs, such amount as shall have been expended for printing paperbooks upon said appeal. The cost of printing the paperbook of each party shall be taxed as costs, collectible by the attorney of record of such party in such appeal. . . ."* (Italics supplied.)

This statute applies to criminal proceedings (Commonwealth v. Casey, 59 Pitts. L. J. 490 (1911); Commonwealth v. Stovas, 20 Dist. R. 1039 (1911); Commonwealth v. Trunk, 320 Pa. 270 (1936)); moreover, when read in conjunction with the Act of June 5, 1913; P. L. 422, 12 PS §1194, which provides, inter alia, that when a sentence is reversed with a venire for a new trial the costs are to be paid by the losing party, any doubt as to whether a criminal sentence is a judgment is removed. The Acts of 1909 and 1913 are in pari materia: Commonwealth v. Trunk, supra.

Commonwealth v. Trunk, supra, clearly establishes the proposition that the county in which the prosecution is brought is the losing party in a case in which the verdict is "not guilty". As Justice Schaffer stated, at page 274:

"The county has always been viewed as the proper unit of government to prosecute and enforce the general criminal law, and hence, as the adversary of the accused, is the losing party when the defendant in a criminal case receives the decision in his favor." See also In re Collection of Fines, Costs, etc., 76 D. & C. 456 (1950).

The "final decision" within the meaning of the Act of April 27, 1909, P. L. 263, 12 PS §1193, was the jury's verdict of acquittal in the third trial. This verdict barred a retrial and any further prosecution for the same offense. Accordingly the County of Philadelphia is the "losing party" (Commonwealth v. Trunk, supra), and it is ordered that petitioner's rule be and the same is hereby made absolute.