## In Re: Haefner Expungement Petition

*John A. Kenneff*, for exceptions.
*Richard Sprague, Pamela Higgins, Michael Simon*, contra.

HUMMER, *J.*, September 28, 1982—Before the court are the Commonwealth's exceptions filed to the Bill of Costs submitted by petitioner, Richard Charles Haefner. The costs sought were incurred in

petitioner's successful appeal of the petition for expungement filed in the above-captioned criminal actions. The Commonwealth does not dispute that pursuant to Pa.R. App. P. 2771 the items submitted by petitioner may be properly taxed as costs. However, the Commonwealth does not concede that the District Attorney of Lancaster County, as representative of the Commonwealth, should be expected to pay the sum requested by petitioner.

Pa.R.A.P. 2741(4) provides that:

(4) If an order is reversed, without a direction for a new trial, costs shall be taxed against the appellee unless otherwise ordered, or unless the lower court shall determine that the matter is not finally closed between the parties, and the appellee shall bring a new action against the appellant within 30 days after such determination, in which event the liability for costs shall follow the final judgment in such second or other matter relating to the same cause of action.

The Commonwealth's Exceptions are based on the contention that the Commonwealth did not act as an adverse party during petitioner's expungement proceedings and thus cannot be considered an "appellee" against whom the costs are to be taxed.

The definition of "appellee" found in Black's Law Dictionary, 4th Edition (1968) is as follows:

"The party in a cause against whom an appeal is taken; that is the party who has an interest adverse to setting aside or reversing the judgment."

We agree that the Commonwealth has not advocated a position adverse to that of petitioner during petitioner's efforts to have the above criminal records expunged. The petition seeking expungement

was filed on October 17, 1979. The Commonwealth did not file an answer and no one appeared at the January 25, 1980 hearing on behalf of the Commonwealth. By correspondence dated January 3, 1980, the Commonwealth informed the court that it had no position as to the petition, but would ask only that the court consider the record before reaching a decision. On March 28, 1980, the court denied the expungement petition and an appeal was taken to the Superior Court. In the Superior Court the Commonwealth filed no brief and did not appear for oral argument. In correspondence to the Superior Court the Commonwealth indicated that it was leaving the matter to the court's discretion.

Generally the petition to tax the costs of appeal upon the County as agent for the Commonwealth would be appropriate, as noted in Commonwealth v. Trunk, 320 Pa. 270, 274 (1936):

"the county has always been viewed as the proper unit of government to prosecute and enforce the general criminal law, and hence, as the adversary of the accused, is the losing party when the defendant in a criminal case receives a decision in his favor."

However, in the present case the petition for expungement filed by Mr. Haefner did not involve the prosecution and enforcement of the general criminal law and, in fact, Mr. Haefner was the petitioner not a defendant in a criminal case. Additionally, the Commonwealth, as represented by the District Attorney's Office of Lancaster County, did not act as Mr. Haefner's adversary at any time during the expungement proceedings. The additional appellate expenses accrued by petitioner were in no sense made necessary by the actions of the Commonwealth. The district attorney's office never in-

dicated that the expungement of petitioner's criminal records was adverse to the interests of the Commonwealth. The request that the court review the record sought no more than that which this court was already bound to undertake.

Accordingly we find that the Commonwealth of Pennsylvania or its representative, the District Attorney's Office of Lancaster County, cannot be properly classified as an appellee in the petition for expungement appeal of Richard Charles Haefner, and thus the Commonwealth or its representative will not be responsible for the payment of the taxable costs of the appeal under Pa.App.P. 2741(4).

## ORDER

And now, September 28, 1982, the Commonwealth's exceptions to the bill of costs filed by petitioner, Richard Charles Haefner, are sustained, and the Clerk of Court of Lancaster County is directed to deny petitioner's request that the costs be taxed against the Commonwealth.