# Commonwealth *v.* Garvey, Appellant.

*Criminal law—Second trial—Costs.*

Where on a single bill of indictment a defendant is tried and convicted and a new trial is granted upon an appeal and, when on the second trial, the jury renders a verdict of not guilty and directs that the defendant pay the costs, the defendant is liable for all of the costs of the prosecution as they might be legally taxed.

Argued Oct. 9, 1918. Appeal, No. 121, October Term, 1918, by defendant, from judgment of Q. S. Schuylkill Co., March T., 1916, No. 285, on verdict of not guilty in case of Commonwealth v. Frank Garvey. Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER and WIL-LIAMS, JJ. Affirmed.

Indictment for perjury. Before KOCH, J.

From the record it appeared that the defendant was indicted for perjury. A trial was had before a jury which resulted in a verdict of guilty, upon which sentence was passed. An appeal was taken by the defendant from the judgment of the court below and a new venire awarded. At the second trial the jury rendered a verdict of not guilty and directed the defendant to pay the costs.

Motion in arrest of judgment filed. The court overruled the motion in arrest of judgment and sentenced the defendant to pay the costs in both cases.

*Error assigned* was the overruling of the motion in arrest of judgment.

*James B. Reilly,* and with him *A. D. Knittle,* for appellant.

*E. D. Smith,* and with him *C. A. Whitehouse* and *M. J. Ryan,* for appellee.

OPINION BY HEAD, J., February 28, 1919:

An information was regularly made before a magistrate charging the defendant with perjury. In due course an indictment was presented to the grand jury and a true bill found. A trial was had before a jury which resulted in a verdict of guilty upon which judgment was entered. An appeal was taken by the defendant to this court where it was determined that owing to serious errors in the conduct of the trial, the defendant had not had a trial according to law, to which he was of right entitled. To secure to him that right, the judgment of the court below was reversed and a new venire awarded. His real trial before another jury produced this verdict, namely, "find the defendant not guilty ......but defendant to pay the costs." Whilst there was some surplusage in the form of the sentence the status of the defendant is just what it would have been had the judgment strictly followed the verdict.

Now, it is contended by the able counsel for appellant, that such "costs" could include only the costs accruing from the trial in which the defendant was acquitted and this is the main contention before us.

Verdicts, of the class to which the one in this case belongs, are expressly authorized by section 62 of the Criminal Procedure Act of 1860. We quote it: "In all prosecutions, cases of felony excepted, if the bill of indictment shall be returned 'ignoramus' the grand jury returning the same shall decide and certify on such bill whether the county or the prosecutor shall pay the costs of prosecution; and in all cases of acquittals by the petit jury on indictments for the offenses aforesaid, the jury trying the same shall determine by their verdict whether the county or the prosecutor or the defendant shall pay the costs." We need not enter into an apparently learned discussion, to demonstrate that this section of the now effective act was, in letter and spirit, taken from a much older statute. What costs were the subject of the legislative declaration just quoted? The legislature

was not concerned with the costs incurred by the defendant in his own defense. His liability for such costs would be clear enough without any action by the jury. It must then have been the costs of prosecution which the jury were authorized, in proper cases, to impose upon the defendant even though their verdict be one of acquittal.

There was but a single bill of indictment. There was but one prosecution. It had its birth in the information lodged with the magistrate. After the defendant had his hearing, had been bound over and the grand jury had found a true bill, that prosecution continued pending until a final judgment had been reached. It was at all times, between the dates of the two events named, pending and the judgment of reversal by this court with a new venire in no way discharged the defendant from any liability. He was obliged thereafter to stand his trial and abide by any judgment that might lawfully be entered on the verdict following such trial, just as if the mistrial had not occurred. He was, therefore, properly sentenced to pay the costs and all of the costs of the prosecution as they might be legally taxed. It is in this sense we understand and accept the sentence delivered by the learned court below and, as thus understood, we find no just cause for setting it aside. The first contention of the appellant, therefore, cannot be sustained.

It is further urged upon our consideration that in no event could the defendant be compelled to pay, what is called in the brief of counsel, "double costs." If we accept the meaning of that expression adopted by counsel our answer would be, certainly not. The defendant was not sentenced to pay "double costs." But the amount in dollars and cents he must pay under the sentence as we have construed it, we cannot now determine. The question is not before us. We have no appeal from any taxation of costs. That there would arise additional costs because a new jury had to be empanelled, selected and sworn; because new process of the court was required to

bring in witnesses, etc., is clear enough. These costs accrued because the defendant successfully invoked the aid of an appellate court to secure to him a new trial, and it was the meaning of the writ of venire which accompanied that judgment that the defendant must stand his trial with all of the incidents that might legally result therefrom. The contention, if such there was in the court below, that the trial following the judgment of this court resulted in automatically duplicating the fees of all officers is wholly untenable. For instance, the district would be entitled to a fee of seven dollars for preparing and presenting the bill of indictment. No second bill was ever required, prepared or presented to the grand jury. We are unable to see any foundation upon which he could justly rest a charge for two indictment fees. We use this but as an instance of what we observe in the record. As already stated, however, we cannot figure out from what is before us just how much the defendant should pay and then enter judgment for that amount. Whilst affirming the sentence of the court, as we have construed it, we must send the record back in order that the costs to be paid by the defendant be properly taxed according to the provisions of the law effective in such cases.

The appeal is dismissed at the costs of the appellee without prejudice, however, to his right to appeal from any taxation of the costs in the court below by which he may be aggrieved and, the record is now remitted to the court below, with direction to proceed to have the costs taxed according to law.