Commonwealth *v.* Donovan et al., Appellants.

Argued September 30, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*Buell B. Whitehill,* of *Jones, Whitehill & Lane,* with him *E. J. McDaniel* and *Alex Z. Goldstein,* for appellants.

*T. A. Waggoner, Jr.,* Assistant District Attorney, with him *Wade K. Newell,* District Attorney, and *T. C. Glassburn,* First Assistant District Attorney, for appellee.

OPINION BY KELLER, P. J., November 20, 1935:

These appeals are concerned only with the question whether, in the circumstances present in this case, so much of the verdicts as imposed the costs of prosecution on the defendants can be sustained.

Nine of the appellants were jointly indicted charged with (1) riot, a misdemeanor; (2) assault and battery, a misdemeanor; (3) 'aggravated' assault and battery,

a misdemeanor; (4) felonious assault and battery, or assault and battery with intent to kill, a felony; (5) wantonly pointing a pistol, a misdemeanor. The fourth count of the indictment charged that the defendants had feloniously assaulted and wounded one Joseph Kromer, by shooting a riot gun, with intent to kill and murder him, whereas the complaint or information charged, and the evidence on the trial tended to prove, that it was Louis Kromer (Joseph's brother), who had been assaulted, shot and wounded.

The court directed a verdict of acquittal on the riot charge; but left the other counts to the jury for their action. The jury disagreed and were discharged.

A second complaint or information was then made charging eight of the nine defendants above mentioned and two other men with felonious assault and battery on Louis Kromer and sixteen other named persons, and with aggravated assault and battery and wantonly pointing pistols and riot guns. An indictment based on this information was duly returned, charging the defendants with (1) assault and battery; (2) aggravated assault and battery; (3) felonious assault and battery or assault and battery with intent to kill; (4) wantonly pointing and discharging firearms. The first, second and fourth counts charged misdemeanors; the third, a felony.

The two indictments were tried together. The trial judge directed a verdict of not guilty on the counts of the first indictment charging riot, (1st count), and felonious assault and battery on Joseph Kromer, (4th count), because there was not sufficient evidence to support a verdict of guilty of riot and no evidence of any felonious assault on Joseph Kromer; but left the second, third and fifth counts of the first indictment and all the counts of the second indictment to the jury for their determination.

At the conclusion of the judge's charge one of the

jurors asked, "How about disposition of costs?" The court said to counsel, "Do you want any request as to the costs?" To which counsel for defendants replied, "Whatever the court wants to instruct them as to costs". The court then said: "Well we don't instruct the jury as to costs, unless it's requested. If you request it we will, and if you don't, we won't." Whereupon counsel for the defendants said: "I think it proper the court should instruct them as to costs." The court then said: "Members of the jury, in misdemeanors the jury have the disposition of the costs. They can put them all on the prosecutor, all on the defendants, divide them evenly or unevenly between them, or put them all on the county. If you convict any of the defendants in either of the indictments, you make no disposition of the costs."

No instructions were given the jury as to their power to dispose of the costs under the Act of May 25, 1897, P. L. 89.

The jury returned verdicts [1] acquitting the defendants *on all counts* in *both* indictments, but imposed the costs of prosecution on them.

The court below dismissed defendants' petition to set aside the verdicts as to the imposition of the costs on them, and sentenced them to pay the costs of prosecution. The defendants appealed.

The Criminal Procedure Act of 1860 (March 31, 1860, P. L. 427, sections 62 and 64) provides as follows: "Section 62. In all prosecutions, cases of felony excepted, if the bill of indictment shall be returned ignoramus, the grand jury returning the same shall decide and certify on such bill whether the county or the prosecutor shall pay the costs of prosecution; and in all cases of acquittals by the petit jury on indictments for the

---

[1] Both verdicts were general and in the following form: "We the jurors empaneled in the above entitled case, find defendants not guilty as charged. Costs to be placed on defendants."

offences aforesaid, the jury trying the same shall determine, by their verdict, whether the county, or the prosecutor, or the defendant, shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions; and the jury, grand or petit, so determining, in case they direct the prosecutor to pay the costs or any portion thereof, shall name him in their return or verdict; ......".

"Section 64. That the costs of prosecution accruing on all bills of indictments charging a party with felony, returned ignoramus by the grand jury, shall be paid by the county; and that the costs of prosecution accruing on bills of indictment charging a party with felony, shall, if such party be acquitted by the petit jury on the traverse of the same, be paid by the county; and in all cases of conviction of any crime, all costs shall be paid by the party convicted; but where such party shall have been discharged, according to law, without payment of costs, the costs of prosecution shall be paid by the county;......".

These provisions were substantially reenactments of the Acts of December 7 (8) 1804, 17 Statutes at Large 882, Chap. 2525, (continued and made perpetual by Act of March 29, 1809, 18 Statutes at Large, 1089, Ch. 3081), and the Act of March 20, 1797, 3 Sm. L. 281, respectively.

Construing these Acts the Supreme Court held that a defendant acquitted of an act charged to have been committed feloniously cannot be subjected to the payment of costs. "The *form of the charge* (italics ours), and not the possibility of guilt, determines the power of the jury" [to impose costs on an acquitted defendant]: Braddee v. Com., 6 Watts 530, 533. In County of Wayne v. Com., 26 Pa. 154, the defendant was tried on an indictment containing three counts: one for rape, a felony; one for assault with intent to commit rape, a misdemeanor; one for assault, a misdemeanor. He

was acquitted, but the costs were imposed on him. He was sentenced to pay the costs and committed to jail, where he remained until he was released as an insolvent. A case stated was then filed to determine whether the county was liable for the costs of prosecution. The court below held the county liable, saying inter alia: "Here the indictment for the principal offence was for a felony, and the jury could not therefore move judgment when they acquitted, and put the costs on the defendant, although the remaining counts only charged misdemeanors. The whole were tried together, and the same verdict that acquitted him of the misdemeanors acquitted him of felony also. How are the costs then in cases of acquittal for felony to be paid? The Act of 20th March, 1797, par. 1, Brightly's Dig. 426, pl. 11, provides, 'All costs accruing on all bills of indictment found by the grand jury of the city or any county in this commonwealth, charging a party with any felony, breach of the peace, or other indictable offence, shall, if such party be acquitted by the petit jury, on the traverse of the same, be paid out of the county stock, by the city or county in which the prosecution commenced.' ......
Under the acts of 1791 and 1797 above quoted, the county would be liable to pay the costs in this case. Does the Act of 1804 so change the law as to take away such liability. That act of 1804 only authorizes the petit jury, on acquittal, to impose the costs on the defendant or prosecutor, where the offence with which he is charged is below the grade of felony. As here, the first count in the indictment charges a felony, of which the defendant was acquitted, we think the case is not within the Act of 1804, and that the county is liable to pay the costs, and we enter judgment on the case stated for the plaintiff." The Supreme Court said, speaking through Chief Justice LEWIS: "If the jury in the criminal case had merely directed the defendant to pay the costs, accrued on the counts charging him with mis-

demeanors, a different question would have been presented from that now before us. But as the verdict now stands, the defendant was acquitted of a high felony and yet ordered to pay the costs. Neither courts nor juries have any power to impose costs on defendants in such cases. The learned president of the Common Pleas has shown in a satisfactory manner, that the county is properly chargeable with the costs. She cannot escape that liability by pleading such a sentence of the defendant as that stated in this case, because she was no party to it. She is neither bound nor benefited by it. The defendant can relieve himself from it by writ of error, whenever he thinks proper. Judgment affirmed." It will be noted that in that case, as in this one, the verdict of the jury was general and the imposition of the costs on the defendant was not limited to the counts charging misdemeanors, if that were practicable, or allowable, in view of the direction of the statute, that the costs of prosecution on *bills of indictment charging a party with felony* shall on his acquittal, be paid by the county; as to which we here express no opinion.

The Act of May 25, 1897, P. L. 89, changed the existing law and, inter alia, conferred on petit juries the power of disposing of the costs of prosecution in cases of acquittal, as respects two felonies. (1) on an indictment for larceny, where the value of the goods alleged to have been stolen is less than ten dollars[2] : (2) on an indictment for assault or assault and battery charging a felony, if the jury shall believe from the evidence that the prosecutor had no reasonable ground for making the charge of felony.

The title to the Act of 1897 is as follows: "An Act

---

[2]By amendment of May 3, 1933, P. L. 238, enlarged so as to apply to prosecutions for larceny *and receiving stolen goods,* where the value of the goods stolen or received is less than one hundred dollars.

authorizing and requiring grand and petit juries to dispose of the costs in criminal prosecutions for larceny, where the value of the goods alleged to be stolen is less than ten dollars, and in the prosecutions for assault or assault and battery where felony is charged, and in which the prosecutor has no reasonable ground for making the charge of felony."

The body of section 2 of the Act is printed in the margin [3].

It is reasonably clear that the second section of the Act of 1897 was designed to remedy an evil that had arisen in connection with prosecutions for assault and battery. Complaints and indictments, very generally, charged felonious assault and battery, as well as simple or aggravated assault and battery, with the purpose of avoiding liability on the part of the prosecutor for costs, in case the bill was ignored by the grand jury or the defendant was acquitted, and with this end in view both the title of the act and the body of the statute show that the petit jury's power to dispose of the costs

---

[3]"Section 2. In all prosecutions for assault or assault and battery where the prosecutor has made complaint, under oath, that the assault was made with the intent to maim, disfigure or disable such prosecutor or other person, or to commit the crime of murder, or where the bill of indictment charges the defendant with a felony, if the bill of indictment shall be returned ignoramus, the grand jury returning the same, if they shall believe from the evidence that the prosecutor had no reasonable ground for making the charge of felony, shall decide and certify on such bill whether the county or the prosecutor shall pay the costs of prosecution, and in all cases of acquittal by the petit jury on indictments for assault or assault and battery where a felony is charged, the jury trying the same, if they shall believe from the evidence that the prosecutor had no reasonable ground for making the charge of felony, shall determine by their verdict whether the county or the prosecutor or the defendant shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportion, in the same manner as is now provided by law in the case of misdemeanors."

in indictments for assault and battery where a felony is charged is specifically limited to cases where the jury "shall believe from the evidence that the prosecutor had no reasonable ground for making the charge of felony." It might seem, at first blush, as if the legislature were penalizing the defendant for the prosecutor's want of reasonable ground for charging a felony, but on further consideration this is cleared up. The effect of a lack of reasonable ground in the prosecutor for making the charge of felony is to give the jury the same power of disposing of the costs, as if the felony charge had not been made, and the misdemeanor charge or charges alone remained, as to which the jury might, on the acquittal of the defendant impose the costs on him or on the prosecutor,—if in their judgment the circumstances warranted such imposition—or on the county.

This right of disposing of the costs in assault and battery cases which charge a felony is not affected by including in the indictment, with the felony count, a count for a *misdemeanor* other than assault and battery. The language used in the opinion of this court in Com. v. Harrison, 38 Pa. Superior Ct. 17, was broader than was necessary or was justified. That case was concerned with the first section of the Act of 1897 relating to prosecutions for larceny where the value of the goods alleged to have been stolen was less than ten dollars, and this court held that the Act was not applicable when the indictment included a count for receiving stolen goods.[4] But receiving stolen goods, knowing them to have been stolen, is a felony, and hence the ruling of that case should be modified so as to hold that the Act of 1897, supra, does not apply where the indictment contains a count or counts charging a felony or felonies other than larceny or felonious assault and

---

[4] Otherwise since the Act of May 3, 1933, P. L. 238.

battery; for it then comes within the prior established rule that where a felony, other than those excepted by the Act is joined with other counts in an indictment, the jury has no power to dispose of the costs on the acquittal of the defendant, but they must be paid by the county: Wayne County v. Com., supra. There is no reason for applying this rule to cases where the indictment, in addition to the felony excepted by the Act of 1897, contains no counts other than misdemeanors.

In his charge the trial judge did not instruct the jury in accordance with the Act of 1897. He should have told them that they had nothing to do with costs unless they believed from the evidence that the prosecutor had no reasonable ground for making the charge of felony, in which event, if they acquitted the ,defendants, they should determine by their verdict whether the county or the prosecutor or the defendants should pay the costs, or whether the same should be apportioned between the prosecutor and the defendants, and, if so, in what proportion.

Without this submission of the matter to the jury pursuant to the Act of 1897, and a finding by them, based on their belief that the prosecutor had no reasonable ground for making the charge of felony, the jury had no power to dispose of the costs of prosecution, which, otherwise, in case of acquittal of the defendants would be payable by the county.

As the court did not explain to the jury the only ground upon which they might dispose of the costs, we are not permitted to assume that they acted pursuant to a statute concerning which they had received no instructions.

The fact that the trial judge instructed the jury to acquit the defendants on the felony charge in the first indictment makes no difference. It is the charge in the indictment submitted to the jury which governs. Had the count been quashed or eliminated from the indict-

ment, the result would have been different. But the indictment submitted to the jury contained the felony charge and their verdict included the felony charge and acquitted the defendants of it no less than of the misdemeanors.

A verdict of acquittal, rendered pursuant to directions from the court is still the verdict of the jury, from which the Commonwealth has no right of appeal: Com. v. Weber, 66 Pa. Superior Ct. 180. In no sense can it be considered as eliminated from the indictment.

It follows, in accordance with the ruling of the Supreme Court in Wayne County v. Com., supra, that the jury, in the absence of such instructions and finding, could not impose the costs of prosecution on the defendants whom they had acquitted generally of the charges in the indictment; and the court could not sentence them to pay the costs, which must be paid by the county.

The judgments sentencing the defendants to pay the costs of prosecution are severally reversed.