Commonwealth *v.* Smith, Appellant.

Argued December 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Carol E. Haltrecht*, Assistant Public Defender, with her *John R. Merrick*, Public Defender, for appellant.

*Vincent M. Dadamo*, Assistant District Attorney, with him *Timothy H. Knauer*, Assistant District Attorney, and *William H. Lamb*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 29, 1976:

The sole issue presented in this appeal is whether a defendant who is acquitted of a felony, but convicted of a misdemeanor, may be ordered to pay the entire costs of the prosecution.

On January 11, 1973, appellant was tried by a jury on three bills of indictment: indictment number 208, May Term, 1972, charged appellant with murder; indictment number 209 charged appellant with three counts of possession of a firearm without a license; and indictment number 210 charged appellant with two counts of pointing and discharging a deadly weapon. The jury found appellant guilty of one count of illegal possession of a firearm and acquitted him of all the remaining charges. On February 22, 1973, appellant was sentenced to serve a term of imprisonment of eighteen to thirty-six months, to pay a fine of $500.00, and to pay the costs of prosecution. On July 6, 1973, the Chester County Clerk of Courts determined that the costs of prosecution were $770.11, $671.11 of which was chargeable to appellant.

Appellant served the minimum prison term and was released on December 11, 1973. During his incarceration, appellant earned $230.00; these funds were transferred to the Clerk of Courts. Thus, appellant still owed the county $441.11. On October 11, 1974, appellant filed a "Petition to Set Aside Costs," alleging that only those costs necessary for the firearms conviction were

chargeable to him. Appellant asserted that the costs necessary for that conviction were $82.15; he petitioned the court, therefore, to remit any amount already paid in excess of $82.15. The Commonwealth filed an answer on October 25, 1974; the petition was denied by the lower court on January 6, 1975. This appeal followed.

By virtue of the Act of 1860, all persons convicted of a crime are liable for the costs of their prosecution: "... in all cases of conviction for any crime, all costs shall be paid by the party convicted ..." 19 P.S. §1223.[1] *See also, Commonwealth v. Davy,* 456 Pa. 88, 89, n.1, 317 A. 2d 48, n.1 (1974); *Commonwealth v. Garramone,* 115 Pa. Superior Ct. 588, 176 A. 263 (1935). The narrow issue presented in the instant case is whether "all costs" means those costs which were necessary for the successful prosecution, or the entire costs of the prosecution without regard to whether any portion of the costs were unnecessary for the successful prosecution.

If a defendant is charged only with a felony but is acquitted, costs cannot be imposed on him: "... the costs of prosecution accruing on bills of indictment charging a party with felony, shall, if such party be acquitted by the petit jury on the traverse of the same, be paid by the county..." 19 P.S. §1223, supra. If a defendant is charged only with a misdemeanor, but is acquitted, the law formerly permitted the jury to impose costs on him: "... in all cases of acquittals by the petit jury on indictments for [misdemeanors], the jury trying the same shall determine by their verdict, whether the county, or the prosecutor, or the defendant shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions..." 19 P.S. §1222.[2] This statute, however, was declared unconstitutional by the United States Supreme Court because it "falls short of the kind of legal standard

---

1. Act of March 31, 1860, P.L. 427, §64.
2. Act of March 31, 1860, P.L. 427, §62.

due process requires." *Giaccio v. Pennsylvania,* 382 U.S. 399, 404 (1966). Our legislature has not seen fit to enact a new statute. The issue in the instant case, therefore, will arise only when a defendant is tried on multiple indictments, or on multiple counts contained in a single indictment, and is convicted of one or more charges, and acquitted of one or more charges.[3]

Although there is no case directly on point, there is precedent which supports appellant's argument. In *County of Wayne v. The Commonwealth,* 26 Pa. 155 (1856), and *Commonwealth v. Donovan,* 119 Pa. Superior Ct. 544, 181 A. 606 (1935), the defendant was tried on felony and misdemeanor charges, but was acquitted of all charges by the jury. In each case, however, the jury directed the defendant to pay the costs of prosecution. The law at the time these cases were decided provided that a defendant acquitted of a felony could not be ordered to pay costs, but that a defendant acquitted of a misdemeanor could be ordered to pay costs if the jury so directed. Thus, the question presented in each case was whether a defendant acquitted of both a felony and a misdemeanor could be ordered to pay the entire costs of the prosecution. In each instance the Court reversed. In *County of Wayne v. The Commonwealth,* 26 Pa. 155, the Court stated: "If the jury in the criminal case had merely directed the defendant to pay the costs, accrued on the counts charging him with misdemeanors, a different question would have been presented from that now before us. But as the verdict now stands, *the defendant was acquitted of a high felony and yet ordered to pay the costs. Neither courts nor juries have any power to impose costs on defendants in such cases."* (Emphasis added). In

---

3. If the various charges arise out of the same criminal episode, our Supreme Court, pursuant to its supervisory powers, has mandated that all charges be brought at the same time. See *Commonwealth v. Campana,* 452 Pa. 233, 304 A. 2d 432 (1973), vacated 414 U.S. 808, on remand, 455 Pa. 622, 314 A. 2d 854 (1974).

*Commonwealth v. Donovan*, supra, our Court reached the same result. Thus, these two cases clearly held that a defendant acquitted of both a misdemeanor and a felony could not be ordered to pay the costs of prosecuting the felony charge.[4]

Appellant in the instant case is in the same position as the appellants in *County of Wayne*, supra, and *Commonwealth v. Donovan*, supra. Although appellant here was *convicted* of a misdemeanor, and the appellants in the prior cases were *acquitted* of all charges, for purposes of analysis that distinction is irrelevant, as the prior law permitted the jury to impose costs on a defendant acquitted of a misdemeanor. Thus, we must reach the same result: Appellant cannot be ordered to pay the costs of prosecuting the felony charge because he was acquitted. The question becomes, therefore, what portion of the costs were necessary to convict appellant

---

4. *Commonwealth v. Soudani*, 193 Pa. Superior Ct. 353, 165 A. 2d 709 (1960), does not negate this conclusion. There, the defendant was convicted of aggravated assault and battery and assault with intent to kill and was ordered to pay the costs of prosecution on the count charging assault with intent to kill. On appeal, the Supreme Court set aside the sentence on the charge of aggravated assault and battery, but affirmed the conviction of assault with intent to kill. *Commonwealth v. Soudani*, 398 Pa. 546, 159 A. 2d 687 (1960). The defendant then petitioned the lower court to apportion the costs of prosecution between the two counts with which he was charged. The lower court rejected the petition and ordered that defendant pay the entire costs. Our Court affirmed: "We fail to perceive how the costs of prosecution in the instant case may be divided or apportioned between the first and second counts of the indictment .... *Since all the costs were necessary to try appellant on the second count of the indictment, and since there was but one set of costs, appellant is liable for the total amount.*" 193 Pa. Superior Ct. at 355, 165 A. 2d at 711. (Emphasis added). Thus, *Soudani* holds that a defendant convicted of two charges may still be liable for the entire costs of prosecution even though one of the two charges is vacated. But in *Soudani*, the costs were not severable between the two charges. The case did not hold that if the costs are in fact severable, the defendant is liable for all the costs anyway. In that instance, *Soudani* would hold that an apportionment is necessary.

on the misdemeanor charge. This question was not pursued in *County of Wayne*, supra, and *Commonwealth v. Donovan*, supra, because the applicable law provided that only *the jury* could impose costs on a defendant acquitted of a misdemeanor, and the juries had already been discharged. See 19 P.S. §1222. In the instant case, the costs were imposed by the court, and it is necessary to decide the issue.

If the instant case presented a situation of virtually identical charges requiring substantially the same proof, we could merely affirm the imposition of all the costs on appellant. That was the situation presented in *Commonwealth v. Soudani*, supra. In the instant case, however, appellant was acquitted of a murder charge but convicted of a misdemeanor of possession of a firearm without a license. Appellant claims that the bulk of the costs were necessary only to prosecute the felony charge, and were unnecessary to prosecute the firearms charge. This issue has never been decided by the court below. Therefore, we remand this case to the lower court to determine what portion of the costs, if any, were necessary to try appellant only on those charges which resulted in acquittal, and to modify its order imposing costs in accordance with its findings.