## Commonwealth v. Newell

*William A. Atlee, Jr.*, for defendant.
*James R. Leonard, Jr., Assistant District Attorney*, contra.

MUELLER, *J.*, April 26, 1976 — This matter is before the court on defendant's application for the reduction of costs as taxed by the clerk of court. A rule was granted, and the district attorney filed an answer to the application. Proper disposition of the application requires an understanding of the background of the situation.

On September 21, 1975, in the early morning hours, a shoot-out took place at Banzhof 's Cafe located on South Duke Street in the City of Lancaster. Defendant and Lonnie Ashford were the two individuals directly involved in shooting at each other. Both of them were charged with three separate offenses: Violation of the Pennsylvania Uniform Firearms Act in carrying a firearm without a license (section 6106(a) of the Crimes Code of December 6, 1972, P.L. 1482, 18 Pa. C.S.A. §6106(a)); risking a catastrophe (section 3302(b) of the Crimes Code, 18 Pa. C.S.A. §3302(b)), and aggravated assault by attempting to cause serious bodily injury to another, or causing such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life (section 2702(a)(1) of the Crimes, Code, 18 Pa. C.S.A. §2702(a)(1)). There were three separate informations on the three charges against Jarvis Newell and Lonnie Ashford. The cases were called by the district attorney on January 28, 1976, in the afternoon to be tried together since each participant was claiming self-defense. A suppression hearing was held upon defendant's application that afternoon. At the con-

clusion of the suppression hearing, the court suppressed the statement of defendant made on September 21, 1975, to Officer John Fiorill and Detective Joseph P. Geesey, of the Lancaster Police Department. The court overruled the motion to suppress the statement of defendant given to Detective Geesey on September 24, 1975. The court then, on the motion of defendant's counsel, entered an order to sever the trials of defendant and Lonnie Ashford on these identical three charges.

The trial of defendant on the three charges of violation of the Pennsylvania Uniform Firearms Act, No. 2861 of 1975, risking a catastrophe, No. 2862 of 1975, and aggravated assault, No. 2863 of 1975, began at 9 o'clock a.m. on January 29, 1976. At the beginning of the presentation of the Commonwealth's case, defendant's attorney stated for the record that he would have no objection to the admission of the first statement made by defendant on September 21, 1975, which the court had ordered suppressed. Ten witnesses were called by the Commonwealth, including Lonnie Ashford who waived his constitutional privilege not to testify about this incident and who testified that defendant fired the first shot at him. At the conclusion of the Commonwealth's case, the court sustained a demurrer by defendant's counsel to the charge of risking a catastrophe, No. 2862 of 1975.

Much of the testimony from the various Commonwealth witnesses and the witnesses called by defendant related to who, namely Ashford or defendant, fired the first shot, since both Ashford and defendant stated that he only fired his weapon in self-defense. The jury returned a not guilty verdict on the aggravated assault charge against defendant, No. 2863 of 1975, but found defendant guilty

of violating the Pennsylvania Uniform Firearms Act, No. 2861 of 1975.

On February 20, 1976, defendant was sentenced on the conviction of violating the Pennsylvania Uniform Firearms Act. Defendant was ordered to pay a fine of $50, to pay court costs and to undergo imprisonment in the Lancaster County Prison for not less than 30 days nor more than 60 days. The sentence was immediately amended to provide for imprisonment for not less than 30 days nor more than 12 months in order to give defendant sufficient time to pay the costs of prosecution which were announced by the clerk of court as $603.50. The Commonwealth admits certain errors on the bill of costs.

The bill of costs on the aggravated assault charge of which defendant was acquitted as prepared by the clerk of court totalled $59.50. The bill of costs on the charge of risking a catastrophe to which a demurrer was sustained reflects court costs of $36.50. On neither of these bills of costs are witness fees or costs relating to service of subpoenas on witnesses.

Costs in criminal cases were not recoverable at common law. The imposition of costs on defendant in a criminal case is a matter of statutory law: Commonwealth v. Ferris, 21 D. & C. 2d 484 (1959). A review of the statutory provisions authorizing the imposition of costs on a defendant reveal that they were generally enacted in the nineteenth century. The applicable provision as to payment of costs for this misdemeanor offense under the Crimes Code is section 64 of the Act of March 31, 1860, P.L. 427, sec. 64, 19 P.S. §1223:

". . . and that the costs of prosecution accruing on bills of indictment charging a party with felony,

shall, if such party be acquitted by the petit jury on the traverse of the same, be paid by the county; and in all cases of conviction of any crime, all costs shall be paid by the party convicted. . ."

While the district attorney must be accorded considerable latitude in his responsibility in selecting witnesses necessary to conduct a prosecution, there have been limits imposed by court decisions as to whether the number of witnesses called went beyond those required to clearly and fully prove the case. In Commonwealth v. Worrall, 1 Pa. C.C. 42 (1879), about 30 witnesses were called to prove an assault and battery, and the court required defendant to pay for only eight of the witnesses. Three witnesses rather than the 13 witnesses subpoenaed were determined ample to establish the facts alleged, although testimony from these witnesses was found not to be relevant, and the court reduced the costs payable by defendants: Commonwealth v. Reichert et al., 4 D. & C. 2d 625 (1955). See also: Commonwealth v. Smith, 239 Pa. Superior Ct. 440, 361 A. 2d 881 (1976). In the opinion dated March 29, 1976, by Justice Hoffman, of the Superior Court of Pennsylvania, the Superior Court remanded the case to the trial court for its determination of what part of the costs, if any, was necessary for the prosecution on the charge that resulted in the acquittal and directed the court to modify its order concerning costs in accordance with its findings. Defendant was acquitted of murder in that case but convicted of possession of a firearm without a license, and the trial court ordered defendant to pay the entire costs of prosecution.

The factual situation in this case is different from that in Commonwealth v. Soudani, 193 Pa.

Superior Ct. 353, 165 A. 2d 709 (1960), which the Commonwealth cites as authority to tax the total costs to defendant. Soudani was tried and convicted on a bill of indictment containing a count of aggravated assault and battery and a count of assault with intent to kill. On appeal, the Supreme Court ruled that only one penalty could be imposed, since both charges arose out of the same transaction and differed merely in degree. Defendant then sought to apportion the costs so to strike out that amount applicable to the sentence which was set aside by the Supreme Court. On appeal of this request, the Supreme Court held that all the costs were necessary to try defendant on the count of assault with intent to kill, and defendant was liable for the total amount.

The trial judge has reviewed his extensive notes from the trial and determines that only three witnesses would have been necessary to fully prove the charge on which defendant was found guilty. Charles Williams, who was the bartender at Banzhof's Cafe, testified that he saw defendant with a gun in his hand crouched behind the rear of a car parked immediately in front of the cafe. Lonnie Ashford, the other combatant, whose trial on the same three charges was severed the afternoon before defendant's trial began, was a key witness, since he claimed that defendant shot him first and only then did he return the fire. Detective Joseph P. Geesey testified about the statements made to him by defendant about the shoot-out and the procedure followed to ascertain if a license to carry a firearm had been issued to defendant. Detective Geesey testified that no license to carry a firearm had been issued to defendant and determined that

defendant did not fall under any exceptions of section 6106(b).

Defendant never plead guilty to the offense of carrying an unlicensed firearm. All three of these witnesses were present for eight days pursuant to a properly served subpoena. The subpoenas and master subpoena reflecting attendance of witnesses have been reviewed by the court.

The court finds that the bill of costs to the charge of violating the Pennsylvania Uniform Firearms Act, No. 2861 of 1975, was excessive and should be revised as follows:

| | |
|---|---:|
| District Justice | $13.00 |
| Constable | 6.50 |
| District Attorney | 15.00 |
| Clerk of Court | 23.50 |
| Sheriff | 2.00 |
| Certification | 1.50 |
| Sheriff (service of subpoenas on Detective Geesey ($6.00), Charles Williams ($2.00) and Lonnie Ashford ($2.00)) | $10.00 |
| Witness fees (8 days at $5.00 per day for 3 witnesses) | 120.00 |
| | $191.50 |

## ORDER

And now, April 26, 1976, the exceptions to the bill of costs in the form of an application for the reduction of costs to No. 2861 of 1975 is sustained to the extent that it is ordered that the costs payable by defendant be reduced from the sum of $603.50 to the sum of $191.50.