603 A.2d 651

COMMONWEALTH of Pennsylvania

v.

Dwayne Lee FINKEY, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 23, 1991.

Filed Feb. 26, 1992.

420

Allen C. Welch, Lemoyne, for appellant.

Syndi L. Norris, Asst. Dist. Atty., Carlisle, for Com., appellee.

Patrick J. Connors, Media, for Pa. Assoc. of Crim. Defense Atty., amicus curiae.

Before WIEAND, MONTEMURO and KELLY, JJ.

MONTEMURO, Judge:

This is an appeal from a judgment of sentence entered following appellant's jury conviction of aggravated assault, obstructing the administration of law or other governmental function, and resisting arrest. The appellant raises two issues for appeal: (1) whether the trial court erred in instructing the jury on the justification defense, and (2) whether the trial court erred in suppressing evidence of the arresting officer's prior acts of police misconduct and brutality.[1]

On October 7, 1989, at approximately 2:45 a.m., appellant, Dwayne Lee Finkey, and his brother Jeffery Finkey, were stopped by officer Bergman of the Carlisle Police Department on suspicion of driving under the influence (DUI). Officer Pfahl, of the Carlisle Police Department, also responded to the traffic stop. Jeffery Finkey, after failing one field sobriety test and refusing to take another, was arrested for DUI.

The events from this point forward were disputed by the parties. According to the Commonwealth, Jeffery Finkey became belligerent and put up a great struggle in resisting arrest. Furthermore, appellant came to assist his brother and began to choke and punch Officer Bergman. At one point, Jeffery approached Officer Bergman with a splitting maul, which in response, the officer shot Jeffery Finkey to death.

1. The Pennsylvania Association of Criminal Defense Attorneys filed an amicus curiae brief in support of appellant's first issue.

Appellant's version places Officer Bergman as the aggressor. Appellant claims that both Officers Bergman and Pfahl attacked Jeffery, at times beating him with a heavy, police-issued flashlight. In response to the injuries being inflicted upon his brother, Dwayne simply attempted to pull Officer Bergman away from Jeffery.

 The first issue presented for appeal is whether the trial court erred in instructing the jury on the justification defense. The trial court instructed the jury that if they found that the officers were indeed using unlawful deadly force, then they should find the appellant not guilty on all of the counts that ensued from his intervention. Appellant asserts that the proper jury instruction would permit a justification defense if appellant reasonably believed that his intervention was necessary to protect his brother from the unlawful use of deadly force. Appellant further argues that this Court's decision in *Commonwealth v. French*, 396 Pa.Super. 436, 578 A.2d 1292 (1990) (alloc. granted 81 E.D. 1991 6/3/91) has already decided this issue, and has held that the proper jury instruction includes the reasonable belief standard.[2]

The trial court and the Commonwealth contend that the reasonable belief language set forth in *French* is dicta and that it does not control the present case. (T.C.O. at 5). Based on this interpretation, the trial court declined to follow the *French* decision, and denied appellant's post-trial motion and petition to reconsider its charge to the jury. A review of the *French* decision reveals that the reasonable belief language was not dicta, and that the trial court was in error.

In *French*, the police were summoned to the scene of a fight where they found the defendant and three of her companions beating a man. After breaking up the fight, the officers requested that all of the participants leave the scene. The subject of the beating, after declining to press

---

2. The *French* decision was filed subsequent to the completion of the trial, but prior to appellant's petition to reconsider the denial of appellant's post-trial motions.

charges, left the scene. The four other individuals involved in the altercation not only refused to leave the scene, but one of them punched an officer in the face. In an attempt to assist her companion's efforts to resist arrest, French punched the arresting officer. French was charged and convicted of aggravated assault, resisting arrest, and conspiracy. French asserted that she assaulted the officer in defense against the officer's use of excessive force in effectuating the arrest of her companion, and that the trial court erred in charging the jury that the defense of justification does not apply unless the officers were using deadly force. The trial court charged the jury on the defense of justification as follows:

> Now in this case justification is a defense, if the defendant French reasonably believed that her intervention was necessary to protect [her companion] from *death or serious bodily injury* and that the force used was immediately necessary to protect [her companion] against the force used by [the arresting officer] on the same occasion as Miss French used force.

*Commonwealth v. French*, 396 Pa.Super. at 443, 578 A.2d at 1295.

The issue presented in *French* was whether any excessive force by the police, short of deadly force, triggers the right to defend oneself or to defend others.[3] The Court began its inquiry into this issue by first examining the applicable statutory sections. Section 505 of the Crimes Code provides:

> (a) **Use of force justifiable for the protection of the person.**—The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of force by such person on the present occasion.

> (b) **Limitations on justifying necessity for use of force.**—

---

3. A person is justified in using force in defense of another to the same extent that he is entitled to protect himself. 18 Pa.C.S.A. § 506.

(1) The use of force is not justifiable under this section:

(i) to resist an arrest which the actor knows is being made by a peace officer although the arrest is unlawful.

18 Pa.C.S.A. § 505. Although a plain reading of the statute may suggest that the justification defense is never applicable to peace officers, the Official Comment to § 505(b)(1) states that force against a peace officer is justified "if the arresting officer unlawfully uses or threatens deadly force." *Id.* This recognizes that § 505(b)(1)(i) only discusses the use of force to resist arrest, and that the statute does not address the right to defend against force used by police to effectuate the arrest.

In deciding what degree of force used by a peace officer triggers the right to defend oneself or another this Court concluded:

the violent potential of the arrest context dictates that a more limited and stringent application of self-defense principles is demanded. To sanction a lesser standard would encourage unnecessary violence and invite the kind of escalatory conduct that this case dramatically demonstrates. To allow an arrestee or a bystander to intensify an overly aggressive arrest when any bodily injury is feared would not serve the interests of peace in society.

*Id.*, 396 Pa.Super. at 448, 578 A.2d at 1298. The Court also noted that the reference to deadly force in the Official Comment to § 505(b)(1) "was intended to illustrate the gravity of the situations wherein the defense could legitimately be asserted." *Id.*, 396 Pa.Superior at 449, 578 A.2d at 1298. Thus, "until the excessive force approaches a level which threatens death or serious bodily injury, the citizen must suffer a police beating without resistance." *French, supra,* 396 Pa.Super. at 457, 578 A.2d at 1302 (Wieand, J., dissenting).

The *French* court further defined the circumstances when the use of force against a peace officer is appropriate by distinguishing the harsh results reached by other jurisdictions.

The Washington courts would countenance resistance by an arrest only when he was *actually* about to be seriously injured or killed. We conclude that where a person reasonably believes himself to be in genuine danger of death or serious bodily injury, he may defend himself against injury by the use of reasonable force. We think that this formulation protects the competing interests implicated here.

*Id.,* 396 Pa.Superior Ct. at 449, 578 A.2d at 1298. (emphasis in original).

The issue of whether the appellant is justified in intervening based on a reasonable belief, therefore, served as an important limitation on the court's holding. The trial court's ruling that the *French* court's discussion of the reasonable belief standard was dicta, was nothing more than a means to avoid this Courts' holding.[4]

■ The Commonwealth asserts that, in any event, the appellant was not even entitled to a justification charge, since the appellant denied ever striking the Officer Bergman. *Commonwealth v. Powers,* 484 Pa. 198, 398 A.2d 1013 (1979); *Commonwealth v. Gray,* 441 Pa. 91, 271 A.2d 486 (1970). In *Commonwealth v. Mayfield,* 401 Pa.Super. 560, 585 A.2d 1069 (1991) (en banc), this Court made clear

[t]hat where a defendant denies the act of using deadly force in defense of himself, he has negated one of the elements of self-defense; therefore, he may not avail himself of an instruction on justification even though evidence from other sources would be sufficient to put the claim in issue.

*Id.,* 401 Pa.Superior Ct. at 573, 585 A.2d at 1075. If, as the Commonwealth suggests, appellant denied striking or using force against the officer, no justification charge was warranted and judgment of sentence must be affirmed. *Commonwealth v. Mayfield, supra.*

However, review of the record reveals that although on cross-examination appellant denied "hitting" the officer, see

4. The trial court does make a strong argument that the reasonable belief standard is improper, however, this does not make the *French* decision any less binding.

N.T. 4/24/90 at 295, on direct he had explicitly stated, "So I went over to him (the officer) with my right arm and put it around his neck to pull him off." *Id.* at 263. This testimony establishes that appellant did not deny using force against the officer, and as such there was sufficient evidence to charge the jury on the justification issue. *See Commonwealth v. Mayfield*, 401 Pa.Superior Ct. at 577, 585 A.2d at 1077 (testimony that appellant pulled the knife in defense of himself sufficient to put the question of self-defense to the jury) (collecting cases). Since the jury should have been charged on the reasonable belief standard, a new trial must be granted.

Based on our disposition reversing the judgment of sentence, we need not address appellant's remaining issues. Judgment of sentence reversed.

WIEAND, J., concurs in result.