## Commonwealth v. Finkey

*William S. Gabig, assistant district attorney,* for the Commonwealth.

*Taylor P. Andrews,* for defendant.

BAYLEY, *S.J.,* August 11, 1993—Petitioner, Dwayne Lee Finkey, was convicted by a jury on April 25, 1990, on a count of a felony one aggravated assault,[1] a count of misdemeanor two resisting arrest,[2] and a count of misdemeanor two obstructing administration of law or other governmental function.[3] After being sentenced to a term of imprisonment, he filed an appeal from that judgment to the Superior Court of Pennsylvania. On February 26, 1992, the Superior Court reversed the three convictions and remanded the case for a new trial.[4] The court concluded there was an error in the charge on the defense of justification. At defendant's retrial, he was found guilty by a jury on April 26, 1993, of the misdemeanor count of obstructing administration of law or other governmental function, and

1. 18 Pa.C.S. §2702.
2. 18 Pa.C.S. §5104.
3. 18 Pa.C.S. §5101.
4. *Commonwealth v. Finkey,* 412 Pa. Super. 419, 603 A.2d 651 (1992). On January 15, 1993, the Supreme Court of Pennsylvania denied an allowance of appeal.

acquitted on the counts of felony aggravated assault and misdemeanor resisting arrest.

On May 25, 1993, defendant was sentenced to a term of imprisonment in the Cumberland County Prison of not less than three months nor more than 12 months and directed to "pay the costs of prosecution." No appeal was taken from that judgment. On June 23, he filed a "motion to clarify or modify sentence," seeking to pay "only such costs as are related to the 1993 [second] trial." The total costs on the docket of the clerk of court are $3,193.97.[5] Of that amount, $1,245.30 was specifically assessed for the first trial (exhibit A), and $1,948.67 was specifically assessed for the second trial (exhibit B). Accordingly, the issue is whether the specific costs of $1,245.30 assessed for the first trial should be set aside. In *Commonwealth v. Bollinger,* 274 Pa. Super. 112, 418 A.2d 320 (1979), the Superior Court stated that "a person convicted of a crime is liable for the costs necessarily incurred in the prosecution." *Id.* at 126, 418 A.2d at 327.

Initially, the Commonwealth maintains that the motion must be denied because it was not filed within 10 days of the date of sentence pursuant to Pa.R.Crim.P. 1410, or within 30 days of the date of sentence which is the time period to modify an order if no appeal has been taken. 42 Pa.C.S. §5505. Actually, what defendant seeks is an order setting aside costs docketed by the clerk of court, not a modification of sentence. He was sentenced to pay the costs of prosecution; the specific costs were

5. Defendant does not contest the validity of the costs which were assessed as authorized by law. See *Commonwealth v. Houck,* 233 Pa. Super. 512, 335 A.2d 389 (1975); *Commonwealth v. Gill,* 288 Pa. Super. 538, 432 A.2d 1001 (1981).

not set forth in the sentencing order. A petition to set aside costs can be considered by the court at this time. *Commonwealth v. Smith,* 239 Pa. Super. 440, 361 A.2d 881 (1976). We will not elevate form over substance so as to preclude defendant from raising this issue because he mis-stylized the form of his request for relief.

The Judicial Code at 42 Pa.C.S. §1726, provides:

"The governing authority [the Pennsylvania Supreme Court by virtue of 42 Pa.C.S. §102] shall prescribe by general rule the standards governing the imposition and taxation of costs, including the items which constitute taxable costs, the litigants who shall bear such costs, and the discretion vested in the courts to modify the amount and responsibility for costs in specific matters. All system and related personnel shall be bound by such general rules."

As noted in *Commonwealth v. Gill, supra,* the Superior Court has not promulgated rules pertaining to the items which constitute taxable costs. That is still a valid observation although Pa.R.Crim.P. 1407(c) provides:

"The court, in determining the amount and method of payment of the fine or costs shall, insofar as is just and practical, consider the burden upon the defendant by reason of his financial means, including his ability to make restitution or reparations."

In *Commonwealth v. Smith, supra,* defendant was charged on separate indictments with murder, possession of a firearm without a license, and two counts of pointing and discharging a deadly weapon. A jury found him guilty of one count of illegal possession of a firearm and acquitted him on all remaining charges. After he served his sentence

he filed a petition to set aside costs alleging that only those costs necessary for the firearms conviction were chargeable to him. The Superior Court stated that "The narrow issue presented in the instant case is whether 'all costs' means those costs which were necessary for the successful prosecution, or the entire costs of the prosecution without regard to whether any portion of the costs were unnecessary for the successful prosecution." *Id.* at 442, 361 A.2d at 882.

The court concluded:

*"If the instant case presented a situation of virtually identical charges requiring substantially the same proof, we would merely affirm the imposition of all the costs on appellant....* In the instant case, however, appellant was acquitted of a murder charge but convicted of a misdemeanor of possession of a firearm without a license. Appellant claims that the bulk of the costs were necessary only to prosecute the felony charge, and were unnecessary to prosecute the firearms charge. This issue has never been decided by the court below. Therefore, we remand this case to the lower court to determine what portion of the costs, if any, were necessary to try appellant only on those charges which resulted in acquittal, and to modify its order imposing costs in accordance with its findings." (emphasis added) *Id.* at 445, 361 A.2d at 883-84.

In the present case, unlike *Smith,* defendant does not maintain that all of the specific costs of the second jury trial were not necessary to try him on the count on which he was convicted. All three charges did substantially require the same proof, thus warranting the imposition of all of the costs of that trial on defendant even though

he was acquitted of two of the three charges. The costs defendant does seek to have set aside are those specifically related to his first trial; however, that trial resulted in convictions, not acquittals, although the convictions were reversed with a grant of a new trial by the Superior Court. On these facts, authority for the imposition of the specific costs of the first trial is found in *Commonwealth v. Garvey*, 71 Pa. Super. 168 (1919). In *Garvey*, defendant was tried by a jury and found guilty of perjury. The conviction was reversed by the Superior Court due to trial errors. He was tried a second time and found not guilty by a jury; however, he was ordered by the jury to pay the costs of prosecution.[6] Defendant maintained that those costs could not include the costs of his first trial in which his conviction was reversed by an appeal. The Superior Court disagreed, noting that the "prosecution continued pending until a final judgment had been reached." *Id.* at 170. The court concluded that defendant was:

"... obliged thereafter to stand his trial and abide by any judgment that might lawfully be entered on the verdict following such trial, just as if the mistrial had not occurred." *Id.* at 170.

Thus, the court held that the costs of the first trial were properly assessed against defendant. Those are the facts of the present case. Since defendant was convicted of obstructing administration of law or other governmental functions in his second trial, he is responsible for the costs of his first trial as well as the second.

Lastly, defendant maintains that we should exercise our discretion under Pa.R.Crim.P. 1407(c), and reduce

6. A jury is no longer allowed to assess costs of prosecution.

the amount of costs he must pay based upon his financial situation, Defendant has just completed his minimum sentence and was released from prison on his earned time date. He is capable of working and a payment plan will be instituted by the probation office. There is no reason to conclude that he cannot pay the costs of $3,193.37 in installments; therefore, we will not reduce the amount due.

## ORDER

And now, August 11, 1993, the request of defendant to set aside costs is denied.