J-S55029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
        v.   :
  :
  :
CHARLES WILLIAM BAIZAR   :
  :
       Appellant   :    No. 449 WDA 2020

Appeal from the Judgment of Sentence Entered February 25, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001016-2019

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:        **FILED: APRIL 30, 2021**

Charles William Baizar (Appellant) appeals from the judgment of sentence imposed in the Court of Common Pleas of Erie County (sentencing court) after he entered a guilty plea to criminal conspiracy of possession with intent to deliver (PWID) heroin.[1] We vacate Appellant's judgment of sentence,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 903; 35 P.S. § 780-113(a)(30). Upon entry of Appellant's plea, charges of possession of a controlled substance (35 P.S. § 780-113(a)(16)) and of drug paraphernalia (35 P.S. § 780-113(a)(32)) were dismissed. We note that there is some confusion as to the controlled substance in question, as the Commonwealth refers to cocaine; *see* Commonwealth's Brief at 4. However, the plea transcript confirms that the substance in question is heroin; *see* N.T. Plea, 12/10/19, at 7. Appellant entered a plea to PWID in the range of 100 to 1000 grams. *See* N.T. Sentencing, 2/25/20, at 9. The burden to pay lab fees is shared by codefendants Jermaine Belgrave and Sheldon Morales, as imposition was joint and several; Appellant's Brief at 4.

J-S55029-20

remand the case for 30 days for proceedings consistent with this memorandum, and retain jurisdiction.

Appellant brings a single challenge:

> Did the trial court err when it ordered Appellant, who had been solely convicted of conspiracy to distribute heroin, to pay all of the lab fees requested by the Commonwealth at sentencing where some of these fees did not stem from this particular conviction, thereby violating 42 Pa.C.S.[ ] § 1725.3 and the United States Supreme Court's holding in **Nelson v. Colorado**, 137 S.Ct. 1249 (2017)?

Appellant's Brief at 7.[2]

At Appellant's plea hearing, he entered a plea acknowledging the following, as stated by the Commonwealth:

> I'm now going to go over what the Commonwealth alleges that you did.
>
> On February 7th of 2019, you did, with the intent of promoting the commission of the crime of delivery of a controlled substance, did agree with Jermaine Belgrave, Morales and others known or unknown, to engage in conduct which constitutes an attempt or solicitation to commit a crime.
>
> Specifically, you did attempt to exchange one kilo of heroin in exchange for $80,000. Heroin is a Schedule I substance. This

---

[2] Appellant's appeal was timely filed, and Appellant and the trial court both complied with Pa.R.A.P. 1925; these filings were made in the spring of 2020, when the entire state was under an extension order from our Supreme Court in response to the COVID-19 pandemic. **See In re Gen. Statewide Judicial Emergency**, 229 A.3d 229, 230 (Pa. April 1, 2020) ("any legal papers or pleadings which are required to be filed between March 19, 2020, and April 30, 2020, SHALL BE DEEMED to have been timely filed if they are filed by May 1, 2020, or on a later date as permitted by the appellate or local court in question"). Thus, Appellant's Notice of Appeal, docketed with the sentencing court on March 30, 2020, must be considered timely filed.

- 2 -

occurred at the Courtyard Marriott, Sassafras Pier here in Erie, thereby you did commit the crime of criminal conspiracy, delivery, a felony.

N.T. Plea Hr'g at 7-8.

The trial court points out that Appellant did not object to the imposition of joint and several liability with his codefendants for the $10,229 lab fee. Trial Ct. Op., 6/23/20, at 1. Appellant frames this as a non-waivable challenge to the legality of sentence, and acknowledges that the issue was raised initially in Appellant's statement per Pa.R.A.P. 1925(b).[3] Appellant's Brief at 11. Thus, our first inquiry must be whether this Court has jurisdiction to hear this appeal. If this is a legality of sentence issue, then jurisdiction lies;[4] if it is not, then the issue is waived for failure to object at the time joint and several liability for the lab fee was imposed.

Appellant cites *Commonwealth v. Garzone*, 993 A.2d 306 (Pa. Super. 2010) in support of his jurisdictional argument. Appellant's Brief at 12. *Garzone* involved a claim that imposition of grand jury costs and costs arising from the salaries of prosecutors should not have been imposed as part and parcel of the appellant's sentence; "we note that, inasmuch as Appellant's argument is premised upon a claim that the trial court did not have the authority to impose the costs at issue, Appellant has presented a legality of

---

[3] Appellant filed a post-sentence motion seeking a downward adjustment to the length of his sentence, but did not seek review of costs imposed. Appellant's Brief at 9.

[4] *See Commonwealth v. Hill*, 238 A.3d 399, 409 (Pa. 2020) (where challenge implicates legality of sentence, it is non-waivable).

sentencing claim." ***Garzone***, 993 A.2d at 316. "[A] determination that a claim implicates the legality of a sentence ... operates to revive a claim otherwise insufficiently preserved below[.]" ***Commonwealth v. Weir***, 239 A.3d 25, 34 (Pa. 2020) (citations omitted) (challenge to restitution award sounds in discretionary aspects of sentence and must be properly preserved). "Where such a challenge is directed to the trial court's authority to impose restitution, it concerns the legality of the sentence; however, where the challenge is premised upon a claim that the restitution order is excessive, it involves a discretionary aspect of sentencing." ***In re M.W.***, 725 A.2d 729, 731 n.4 (Pa. 1999).

Therefore, to the extent that Appellant is claiming merely that the portion of his sentence imposing laboratory costs is excessive, it is not properly preserved. However, to the extent Appellant claims that the trial court lacked authority to impose the testing amounts, his challenge sounds in legality of, rather than the discretionary aspects of, his sentence. It is well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Rivera***, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "Issues relating to the legality of a sentence are questions of law[.] ... Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Aikens***, 139 A.3d 244, 245 (Pa. Super. 2016), ***aff'd sub nom. Commonwealth v. Aikens***, 168 A.3d 137 (Pa. 2017).

Section 1725.3 of the Judicial Code states, in relevant part:

(a) Imposition.--A person who is placed on probation without verdict pursuant to section 17 of the act of April 14, 1972 (P.L. 233, No. 64),1 known as The Controlled Substance, Drug, Device and Cosmetic Act, or who receives Accelerated Rehabilitative Disposition or who pleads guilty to or *nolo contendere* to or who is convicted of a crime as defined in 18 Pa.C.S. § 106 (relating to classes of offenses) or 75 Pa.C.S. § 1543(b)(1.1) (relating to driving while operating privilege is suspended or revoked) or 3802 (relating to driving under influence of alcohol or controlled substance) or 3735 (relating to homicide by vehicle while driving under influence) or 3735.1 (relating to aggravated assault while driving under the influence) or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock) or a violation of The Controlled Substance, Drug, Device and Cosmetic Act shall, in addition to any fines, penalties or costs, in every case where laboratory services were required to prosecute the crime or violation, be sentenced to pay a criminal laboratory or paramedic user fee which shall include, but not be limited to, the cost of sending a laboratory technician or paramedic to court proceedings.

(b) Amount of user fee.—

. . .

(2) If a Pennsylvania State Police laboratory has provided services in the prosecution, the director or similar officer of the Pennsylvania State Police laboratory shall determine the actual cost of the laboratory services provided in the prosecution and transmit a statement for services rendered to the court.

42 Pa.C.S. § 1725.3(a), (b)(2).

Appellant argues that "[t]he plain language of this statute requires an individual, **convicted** of a violation of the Drug Act, to pay the lab fee required to prosecute that particular violation.  Further, the State Police lab is required to submit a report of the **actual cost** associated with the lab services provided in that prosecution."  Appellant's Brief at 13.  Appellant also cites **Nelson**, for

the proposition that "absent conviction, the courts have no legal right to exact or retain the funds paid by a defendant toward costs, fees, and restitution." Appellant's Brief at 13-14, *citing* **Nelson**, 137 S.Ct. at 1255-56. He acknowledges that **Nelson** involved cases wherein defendants' convictions were subsequently overturned, and those defendants sought return of monies already paid. Appellant's Brief at 14. He also cites **Commonwealth v. Smith**, 361 A.2d 881 (Pa. Super. 1976), in which this Court held that a defendant who is acquitted of a felony, but convicted of a misdemeanor, "cannot be ordered to pay the costs of prosecuting the felony charge because he was acquitted." **Smith**, 361 A.2d at 883; Appellant's Brief at 14, 17. "The question becomes, therefore, what portion of the costs were necessary to convict appellant on the misdemeanor charge." **Id.**

At sentencing, the Commonwealth gave the following numbers: "427, 580, 1,444, 274, 7,145, 246, and 113. We'd ask for those lab fees." N.T. Sentencing at 10. Our review of the record reveals that those numbers correspond as described below. First, a Laboratory User Fee Statement (statement) for $427 for AFIS latent print entry and comparison and an administrative handling fee; this fee pertains to Appellant and codefendants Jermaine Belgrave and Sheldon Morales, as well as an additional suspect

named Eduardo Santana.[5]  Second, a statement for $580 pertaining to a case of attempted homicide, with an administrative handling fee and a firearm functionality test with discharged bullet and cartridge case comparison.[6] Third, a statement for $1,444, with an administrative handling fee and bloodstain identification and DNA sample preparation.  Fourth, a statement for $274, with an administrative handling fee and NIBIN Entry/Analysis, which appears to pertain to certain ballistics analysis conducted with the National Integrated Ballistic Information Network.  Fifth, a statement for $7,145 with an administrative handling fee and DNA analysis that appears to involve samples taken from a parking garage and a handgun and rounds found therein, with a few other miscellaneous sample sources such as coffee lids. Sixth, a statement for $246, with the administrative handling fee and a cartridge case comparison.  Seventh, a statement for $113 with the administrative handling fee and a line item for drug analysis.

Thus, we are not presented with an instance where the Commonwealth recovered several substances that could have been drugs and needed to conduct testing on all the substances to sort the wheat from the chaff.  Rather, it appears that Appellant has been saddled with lab fees having to do with crimes with which he was never charged, and in applying Section 1725.3, we

_____

[5] The statements are appended to Appellant's presentence investigation report; see Presentence Investigation Report, Charles William Baizar Jr., undated.

[6] This statement likewise lists the names of Appellant, his codefendants, and suspect Santana, as do all the statements at issue.

- 7 -

must ask: how were these lab services "required to prosecute the crime or violation" to which Appellant entered a plea? *See* 42 Pa.C.S. § 1725.3(a).

Appellant asks that this Court vacate his judgment of sentence (but not his plea) and remand for the Commonwealth to file an itemized lab fee report delineating the costs associated with Appellant's conviction. Appellant's Brief at 18. The Commonwealth opposes this and argues that "[g]iven that Appellant pled guilty to an inchoate crime involving a violation of the Drug, Device and Cosmetic Act, Appellant was thus plainly aware of their causal connection to the cases of both [codefendants] Belgrave and Morales, and such awareness satisfies any obligation the Commonwealth ostensibly has under either 61 P.S. 1403[7] or *Commonwealth v. Moran*, 675 A.2d 12[6]9 (Pa. Super. 1996)" (holding that defendant could not be required to pay district attorney's expenses incurred on charge of which defendant was acquitted). Commonwealth's Brief at 6.

---

[7] All necessary expenses incurred by the district attorney or the district attorney's assistants or any officer directed by the district attorney in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, upon approval thereof by the district attorney and the court, shall be paid by the county from the general funds of the county. In any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant.

16 P.S. § 1403.

*Nelson* confirms that at a certain level, dissonance between costs imposed and the scope of an appellant's conviction implicates due process. *See Nelson*, 137 S.Ct. at 1252 ("Absent conviction of a crime, one is presumed innocent . . . [a scheme forcing parties whose convictions have been vacated to prove innocence prior to refunding costs] offends the Fourteenth Amendment's guarantee of due process." Plainly, it cannot be within a sentencing court's discretion (or, indeed, any court's discretion) to offend the federal constitution. Therefore, if we find that the joint and several imposition of costs that are not causally related to any charge of which Appellant has been convicted exceeded the sentencing judge's authority, then the issue is not capable of succumbing to waiver.

We are persuaded that Appellant's argument sounds in the sentencing court's authority rather than the way it exercised that authority, and therefore under *Garzone*, the issue is not subject to waiver. Based on the record before us and the relative brevity of the Commonwealth's Brief and the sentencing court's opinion, we cannot determine whether these laboratory fees were within the sentencing court's authority to impose and therefore compliant with Appellant's due process rights under *Nelson* and *Smith*. Therefore, we remand to give the Commonwealth and the sentencing court an opportunity to complete the record for our review.

Judgment of sentence vacated; case remanded for 30 days for proceedings consistent with this memorandum; jurisdiction retained.

Judge Colins joins the memorandum.

Judge Bowes files a dissenting memorandum.